UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEXANDER GIPSON, JR.     * CIVIL ACTION NO: 3:26-cv-00209
              *
    Plaintiff,      *
              *
V.             * JUDGE:
              *
NATIONAL GENERAL     *
INSURANCE COMPANY     *
AND            *
INTEGON INDEMNITY      * MAG. JUDGE:
CORPORATION       *
              *
    Defendants.     *
_____/

## DEFENDANTS, NATIONAL GENERAL INSURANCE COMPANY AND INTEGON INDEMNITY CORPORATION'S, NOTICE OF REMOVAL

Defendants, National General Insurance Company ("NGIC") and Integon Indemnity Corporation ("Integon") (collectively "Defendants"), through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the action filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, styled *Alexander Gipson, Jr. v. National General Insurance Company and Integon Indemnity Corporation*, Case Number 773437 Sec. 35, to the United States District Court for the Middle District of Louisiana, and in support state as follows:

## NATURE OF THE ACTION

1. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Defendants are therefore entitled to remove this action pursuant to

-1-

28 U.S.C. § 1441.

2.  On or about January 28, 2026, Plaintiff, Alexander Gipson, Jr. ("Plaintiff"), filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, styled *Alexander Gipson, Jr. v. National General Insurance Company and Integon Indemnity Corporation*, Case Number 773437 Sec. 35 (the "State Court Action"). *See Plaintiff's Petition for Damages, attached hereto as Composite Exhibit "A."*

3.  On February 2, 2026, NGIC was served with a copy of this Petition through the Secretary of State.  On February 2, 2026, Integon was served with a copy of this Petition through the Secretary of State on February 2, 2026. *See* Plaintiff's Petition attached hereto as ***Composite Exhibit "A*,"** including the Notice of Service of Process, and Plaintiff's Petition served on Defendants, and a printout of the docket.

4.  The State Court Action relates to an underlying lawsuit styled, *Alexander Gipson, Jr. v. National General Insurance Company, et al.* (the "Underlying Lawsuit"), which arose from a July 23, 2023 motor vehicle accident in Baton Rouge, Louisiana between Kisha Paul and Plaintiff. The Underlying Lawsuit was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana and is identified under case number 741245.

5.  NGIC issued an auto policy, underwritten by Integon (Policy No. 2014745009) to Kisha Paul, with effective dates of March 18, 2023, to September 18, 2023 (the "Policy"). The Policy provided a bodily injury limit of $15,000 "Each Person." *See a copy of the NGIC Policy, attached hereto as Exhibit "B."*

6.  This Notice of Removal is timely filed within thirty (30) days of formal service upon Defendants of a copy of the initial pleading setting forth a claim for relief, pursuant to 28 U.S.C. § 1446(b), and within a year of the filing of the lawsuit.

7.      Moreover, NGIC and Integon are necessary party defendants under Federal Rule of Civil Procedure 19.

## JURISDICTION AND VENUE

### The Parties are Completely Diverse

Plaintiff is a Citizen of Texas and/or Louisiana

8.      Plaintiff is a natural person and is and was at all times relevant to this action a resident of Collin County, Texas, per Plaintiff's Petition of Damages filed in the State Court Action that is the subject of this Notice of Removal. *See **Exhibit "A"**, page 1 of the Plaintiff's Petition for Damages*.

9.      However, Defendants note that in the November 30, 2023 Petition for Damages filed in the Underlying Lawsuit, Plaintiff alleged that he was "currently receiving treatment in Texas, [and] is a major domiciled in and a citizen of the State of Louisiana." *See **Exhibit "C"**, page 1 of the Plaintiff's Petition for Damages*. Moreover, Defendants note that in the March 18, 2024 First Superseding and Amended Petition for Damages filed in the Underlying Lawsuit, Plaintiff amended the Petition to add Integon, but he did not amend any allegations as to Plaintiff's citizenship. *See Plaintiff's First Superseding and Amending Petition for Damages, attached hereto as **Exhibit "D."***

10.      A TLO report was purchased regarding the Plaintiff, showing: (1) a Texas residence in Collin County as recent as 2025; (2) a Louisiana residence in East Baton Rouge Parish as recent as 2026; (3) a Louisiana driver's license; and (4) employment in Louisiana as recent as 2021. Accordingly, Plaintiff is and was a citizen of Texas at the time that Plaintiff filed the State Court Action. However, notwithstanding Plaintiff's allegations as to his Texas domicile in the subject Petition for Damages filed in the State Court Action, Defendants cannot definitively conclude that

Plaintiff is not a citizen of Louisiana at this time.

11. During Plaintiff's deposition in the Underlying Lawsuit, he testified that he resided in Texas, and was married there on February 14, 2025. *See excerpt from Plaintiff's deposition transcript, attached hereto as* **Exhibit "E."**

12. Based on Plaintiff's testimony and the allegations set forth in the subject Petition for Damages, at all times material hereto, Plaintiff is and was a United States citizen and is and was domiciled in the State of Texas. Texas is the place of Plaintiff's true, fixed, and permanent home and principal establishment, and it is where Plaintiff has the intention of returning whenever he is absent therefrom.

13. Pursuant to Rule 201, Fed. R. Evid., Defendants respectfully request this Court take judicial notice of the information detailed above. The domicile as stated in Plaintiff's subject Petition for Damages filed in the State Court Action, and in the facts alleged herein, establish that Plaintiff is and was, at all material times, a citizen of Texas (or, if not Texas, a citizen of Louisiana) for purposes of 28 U.S.C. § 1332.

14. Regardless of whether Plaintiff's citizenship is ultimately that of Texas or Louisiana, as will be demonstrated below, no Defendant shares citizenship with Plaintiff and thus complete diversity exists.

Defendant, NGIC, is a<br>Citizen of Illinois, North Carolina, and/or Missouri

15. Per its corporate filings, NGIC's corporate home address is 3100 Sanders Road, Suite 201, Northbrook, Illinois 60062 while its principal place of business is 450 W. Hanes Mill Rd. Suite 101, Winston Salem, North Carolina 27105. Moreover, while NGIC has an administrative mailing address of P.O. Box 3199, Winston Salem, North Carolina 27102, it has a registered office address of 221 Bolivar Street, Jefferson City, Missouri 65101. Accordingly,

NGIC is and was at all times relevant to this action an Illinois corporation with its principal place of business in Winston Salem, North Carolina. Accordingly, NGIC is and was a citizen of the State of Illinois (state of incorporation), State of North Carolina (principal place of business) and/or the State of Missouri (registered office) within the meaning of 28 U.S.C. § 1332(c). *See NGIC's Corporate Filings, attached hereto as* **Composite Exhibit "F."**

16.     Pursuant to Rule 201, Fed. R. Evid., Defendants respectfully request this Court take judicial notice of these filings.

17.     Accordingly, NGIC is neither a citizen of the State of Texas nor Louisiana for purposes of diversity.

18.     The domicile facts alleged herein establish that NGIC is and was, at all material times, a citizen of Illinois and/or North Carolina and/or Missouri for purposes of 28 U.S.C. § 1332.

Defendant, Integon, is a
Citizen of North Carolina and/or Illinois

19.     Per its corporate filings, on or about January 28, 2026, when the State Court Action was filed, Integon was at all times relevant to this action a North Carolina corporation with its principal place of business in Winston Salem, North Carolina. However, effective February 18, 2026, Integon re-domesticated from North Carolina to Illinois (state of incorporation), now with a corporate home address of 3100 Sanders Road, Suite 201, Northbrook, Illinois 60062 and an administrative mailing address of P.O. Box 3199, Winston Salem, North Carolina 27102. Accordingly, as of February 18, 2026, Integon is and was a citizen of the State of Illinois (current state of incorporation), but at the time Integon was served with the subject Petition for Damages, Integon was a citizen of the State of North Carolina (former state of incorporation and principal place of business) within the meaning of 28 U.S.C. § 1332(c). *See Integon's Corporate Filings, attached hereto as* **Composite Exhibit "G."**

20.    Pursuant to Rule 201, Fed. R. Evid., Defendants respectfully request this Court take judicial notice of these filings. The domicile facts alleged herein establish that Integon is and was, at all material times, a citizen of North Carolina and/or Illinois for purposes of 28 U.S.C. § 1332.

21.    Based on the stated facts above, no Defendant shares citizenship with Plaintiff. Complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(a)(1) exists, and there is no material ambiguity remaining as to the citizenship of any party such as would otherwise deprive the Court of subject matter jurisdiction over this matter.

### The Amount in Controversy Exceeds $75,000

22.    The preponderance of the evidence reflects that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.[1]

23.    Here, Plaintiff demands and seeks to recover from Defendants more than $12,000,000 pursuant to a jury verdict and final judgment entered against NGIC's insured, Kisha Paul, in the Underlying Lawsuit. Following the entry to the of the excess judgment, Kisha Paul purportedly assigned all of her rights, claims, and causes of action against only NGIC to the Plaintiff. *See Assignment, Transfer, Sale, and/or Other Conveyance of Interests, Rights, Causes of Action and Claims attached hereto as* **Exhibit "H."** Accordingly, the jurisdictional limit of $75,000 is exceeded. *See Jury Verdict and Final Judgment attached hereto as composite* **Exhibit "I."**

24.    The NGIC Policy, underwritten by Integon, at issue here carried a bodily injury limit of liability of $15,000 per person. *See NGIC Policy, attached as* **Exhibit "B."**

---

[1]    *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (holding that removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000).

25.     The NGIC Policy's full $15,000 bodily injury limit has been paid and exhausted.

26.     The State Court Action alleges bad faith based on Defendants' alleged breaches of duty of good faith and fair dealing, including the duty to make reasonable efforts to settle Plaintiff's claims pre-suit for within policy limits, and a subsequent failure to protect Kisha Paul by rejecting a post-judgment settlement offer (for amounts well-beyond the applicable policy limits) before the appeal period had expired and before the judgment became enforceable.

27.     The Petition for Damages alleges that the Plaintiff is entitled to "recover pursuant to assignment of said claims from Kisha Paul, including: a) the total amount of the excess judgment entered against Kisha Paul of $12,342,446.16, plus legal interest on that amount from the date of judicial demand until paid, which continues to accrue daily against Kisha Paul at the daily rate of $2,536.12; b) mental anguish, inconvenience, harassment, and distress; c) statutory penalties of up to two times the amount of the damages caused by National General's breach, pursuant to La. R.S. 22:1973(C); and d) any and all other damages, penalties, or other amounts available under the facts and the law to be proven at the trial of this cause." *See **Composite Exhibit "A", ¶42, and subparts.***

28.     Based on Plaintiff's demands and stated intent to seek amounts in excess of the $75,000 jurisdictional limit and the NGIC Policy, underwritten by Integon, containing a $15,000 bodily injury limit, the State Court Action is fit for removal to the United States District Court for the Middle District of Louisiana as there is no credible dispute that Plaintiff seeks damages well beyond $75,000, exclusive of interest and costs.

29.     There is complete diversity of citizenship between the Plaintiff and all Defendants in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

**Venue in the Middle District of Louisiana Is Proper**

30.     Venue under 28 U.S.C. section 1391(b)(2) and 28 U.S.C. § 1441(a) is proper because both this State Court Action as well as the Underlying Lawsuit for damages originated from and was litigated the Parish of East Baton Rouge, which Parish is otherwise part of the territory comprising the Middle District of Louisiana.

31.     Moreover, the motor vehicle accident that gave rise to the Underlying Lawsuit and, in turn, this State Court Action occurred at the intersection of Airline Highway and Evangeline Street in Baton Rouge, Louisiana.

**Due Diligence**

32.     Defendants conducted a rigorous and diligent inquiry into the citizenship of the parties to this action, including examination of corporate filings, public regulatory filings, domicile indicators, and underwriting documents. Defendants verified that no additional members, partners, shareholders, beneficial owners, trustees, or indirect layers of ownership exist whose citizenship differs from the facts alleged herein. There is no material ambiguity whatsoever regarding any party's citizenship that would otherwise deprive this Court of having subject matter jurisdiction over this matter. These facts are verified through sworn declarations filed concurrently with this Notice, as detailed below.

33.     Further, although Kisha Paul is not a formal party to this lawsuit, she is a citizen of the State of Louisiana and is domiciled in the city of Baton Rouge, Parish of East Baton Rouge, State of Louisiana. *See **Exhibit "C"**, page 1 of the Plaintiff's Petition for Damages*. Accordingly, even if her citizenship is potentially relevant to removal and this lawsuit in light of Plaintiff's receipt of a purported assignment from Kisha Paul, diversity of citizenship remains intact.

34.     Defendants further conducted due diligence into the amount in controversy,

including analysis of the underlying pleadings and applicable law to determine the amount of statutory damages being claimed. Such is also verified through sworn declarations filed concurrently with this Notice, as detailed below.

**<u>Complete Diversity Exists</u>**

35.     At the time of the lawsuit and the filing of this Notice of Removal, there was and still is complete diversity of citizenship between Plaintiff and Defendants.

36.     "Consistent with general principles for determining federal jurisdiction, . . . diversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386-387 (citing *Coury v. Prot*,  85 F.3d 244, 248-49 (5th Cir. 1996)).

37     "A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business." *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992) (citing 28 U.S.C. § 1332).

38.     All timely served defendants consent to this removal as required pursuant to 28 U.S.C. 1446(b)(2)(A). *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002).

39.     Based on the foregoing, complete diversity of citizenship exists between Plaintiff and Defendants. Plaintiff is a citizen of Texas (or potentially Louisiana) whereas Defendants are citizens of North Carolina, Illinois, and/or Missouri. Therefore, this action may be removed to this Court by Defendants, and this Court possesses removal jurisdiction of this action under the provisions of 28 U.S.C. § 1441. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.

40.     NGIC and Integon will file a Notice of Filing of Notice of Removal and a copy of this Notice of Removal with the East Baton Rouge Parish Clerk of Court for the Nineteenth Judicial

District Court of Louisiana in accordance with 28 U.S.C. § 1146(a) and (d).  *See **Exhibit "J."***

41.    Pursuant to Federal Rules of Civil Procedure 7.1(a), NGIC and Integon file their respective Corporate Disclosure Statements concurrent with the filing of this Notice of Removal. *See Rule 7.1 Corporate Disclosure Statements annexed hereto as **Exhibits "K"** and **"L."***

42.    Pursuant to Federal Rules of Civil Procedure 7.1(a)(2), NGIC and Integon file their respective Diversity Jurisdiction Statements concurrent with the filing of this Notice of Removal. *See Rule 7.1 Diversity Jurisdiction Statement annexed hereto as **Exhibits "M"** and **"N."***

43.    Pursuant to 28 U.S.C. § 1146(d), the filing of the Notice of Removal in this Court, together with the filing of the same in the State Court, has immediate legal effect upon both courts. Upon these filings, this Court obtained exclusive jurisdiction over this action. At the same time, the State Court was divested of jurisdiction with respect to this action.

44.    NGIC and Integon specifically reserve their rights to amend or supplement this Notice of Removal.

45.    NGIC and Integon desire and are entitled to a trial by jury.

## COMPLIANCE WITH 28 U.S.C. § 1446

46.    Defendants file with this Notice copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446(a), and the Local Rules of this Court, including:

a.    Notice of Service of Process, and Plaintiff's Petition served on Defendants, and a printout of the docket. *See **Composite Exhibit "A."***

47.    Pursuant to 28 U.S.C. § 1446(d), Defendants provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of Court for the Nineteenth  Judicial District Court for the Parish

of East Baton Rouge, State of Louisiana.

WHEREFORE, National General Insurance Company and Integon Indemnity Corporation respectfully move this Court for removal of this action to the United States District Court for the Middle District of Louisiana and request that such removal be hereby effectuated.

Dated: February 26, 2026

Respectfully submitted,

RICHIE, RICHIE & OBERLE, L.L.P.

By: /s/Paul D. Oberle, Jr.
    PAUL D. OBERLE, JR. (Bar # 24585)
    Byron A. Richie (Bar # 11254)
    1800 Creswell Ave. (71101)
    P. O. Box 44065
    Shreveport, Louisiana 71134-4065
    Telephone: (318) 222-8305
    Facsimile: (318) 227-8311
    E-mail Address: pdoberle@rrolawfirm.com
    E-mail Address: barichie@rrolawfirm.com
    ATTORNEYS FOR NATIONAL GENERAL
    INSURANCE COMPANY AND INTEGON
    INDEMNITY CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above and foregoing Notice of Removal have been served on all counsel of record, that a Notice of Filing of the Notice of Removal has also been served on the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, by facsimile, e-mail and/or placing same in the United States mail, postage prepaid and properly addressed this 27th day of February, 2026.

/s/Paul D. Oberle, Jr.
**RICHIE, RICHIE, & OBERLE, L.L.P.**

-11-