# EXHIBIT B

# POLICY CERTIFICATION

**STATE OF FLORIDA**

**COUNTY OF HILLSBOROUGH**

I hereby certify that the attached policy is a true and accurate copy of policy number

2014745009, issued to Kisha Paul the policy period beginning on

March 18, 2023 and ending on September 18, 2023.

Adrianna Valdez
Claims Manager

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

**I HEREBY CERTIFY** that on this day, the undersigned authority duly authorized to administer oaths and take acknowledgements, **Adrianna Valdez**, who is personally known to me, personally appeared before me, did take an oath, and thereafter attested to the foregoing as being true and correct.

**SWORN TO AND SUBSCRIBED** before me this 27th day of December, 2023.

**NOTARY PUBLIC** in and for the
**STATE OF FLORDIA**

THEOTOKIS HENDERSON
MY COMMISSION # HH 316676
EXPIRES: September 27, 2026

**My commission expires: September 27, 2026**

Page **1** of **1**

# NATIONAL GENERAL
an *Allstate* company

PO Box 3199 ● Winston Salem, NC 27102-3199

| | |
|---|---|
| **Policy Number:** | **Date of Notice** |
| **2014745009** | **02/11/2023 03:55 AM** |

**Named Insured:**
**KISHA PAUL**

KISHA PAUL
APT 7206
6454 AIRLINE HWY
BATON ROUGE, LA 70805

**Policy Period:**
**03/18/2023 - 09/18/2023**
Policy Underwritten by:
**Integon Indemnity Corporation**

**24 Hour Claim Reporting: 1-800-468-3466**
**For Policy Information: 1-877-468-3466**
**www.MyNatGenPolicy.com**

Your Agent:
**Starr Daigre**
3029 S. Sherwood Forest Blvd Ste 227
Baton Rouge LA 70816
(225) 229-9035

# LA PERSONAL AUTO DECLARATIONS PAGE
Renewal Effective **03/18/2023 12:01 AM**

## Drivers and Household Residents

**#1   Kisha Paul**

| Driver Status | License # | Lic. State | Date of Birth | Gender | Marital Status | Driver Pts | Yrs. Lic. |
|---|---|---|---|---|---|---|---|
| Rated Driver | XXXXX1102 | LA | 08/19/1978 | Female | Single | 0 | 28 |

## Insured Personal Auto(s) and Schedule of Coverages

**#1 2010 HOND ACCORD L**          **VIN:** 1HGCS1B38AA014214-DD18A0
**Usage:** Pleasure/Commute
**Garaging Location:** 70805

| Coverages Provided | Limits/Deductibles | Premium |
|---|---|---|
| Bodily Injury | $15,000 Each Person / $30,000 Each Accident | |
| Property Damage | $25,000 Each Accident | |
| Medical Payments | $2,000 Each Person / Each Accident | |
| Comprehensive | $500 Deductible | |
| Collision | $500 Deductible | |
| Rental Reimbursement | $25 Each Day, $750 Each Accident | |
| Towing & Labor | $50 Each Occurrence, $300 Each Term | |
| | **Total For This Vehicle** | |

## Premium and Fee Totals

| | |
|---|---|
| **Combined Vehicle Coverage Premium** | |
| Acquisition Expense | |
| **Total 6 Month Policy Premium** | |

## Discounts Applied

**Policy Level**

Accident Free Claims Free
Credit Zip Match Discount
New Business Discount
Paperless Discount

10039LA (10012018)

## Additional Policy Information

| | |
|---|---|
| Insured email: | paulkisha1@gmail.com |
| Tier: | 5 |

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.

| | |
|---|---|
| Financial Responsibility Filing Fee | $20.00 |
| Late Charge | $15.00 |
| Motor Vehicle Record Fee | $5.00 |
| Nonsufficient Funds Charge | $25.00 |
| Reinstatement Charge | $20.00 |
| Renters Fee | $25.00 |

## Forms and Endorsements

| Form | Edition | Form Name |
|---|---|---|
| 12930 | 04012021 | LOUISIANA PERSONAL AUTO POLICY |

**Authorized Signature**

10039LA (10012018)

# Louisiana
# Personal Automobile Policy

5630 University Parkway ● PO Box 3199
Winston-Salem NC 27102-3199

Integon Indemnity Corporation
A Stock Company

12930 (04012021)

**LOUISIANA PERSONAL AUTO POLICY**

**Read your Policy carefully.** Provisions of this contract and its endorsements (if any) restrict coverage. Be certain **you** understand all of the coverage terms, the exclusions, and **your** rights and duties.

### Table of Contents

AGREEMENT ....................................................... 1

DEFINITIONS........................................................ 1

**PART A – LIABILITY COVERAGE** ..................... 4

    INSURING AGREEMENT ............................. 4

    SUPPLEMENTARY PAYMENTS ................. 4

    EXCLUSIONS.............................................. 4

    LIMITS OF LIABILITY ................................. 6

    FINANCIAL RESPONSIBILITY LAWS ........ 6

    OTHER INSURANCE .................................. 6

    OUT-OF-STATE COVERAGE...................... 6

**PART B – MEDICAL PAYMENTS COVERAGE**............ 7

    INSURING AGREEMENT ............................. 7

    EXCLUSIONS.............................................. 7

    LIMITS OF LIABILITY ................................. 8

    OTHER INSURANCE .................................. 8

**PART C – UNINSURED/UNDERINSURED MOTORIST COVERAGE**........... 9

    INSURING AGREEMENT ............................. 9

    ADDITIONAL DEFINITIONS ....................... 9

    EXCLUSIONS............................................ 10

    LIMITS OF LIABILITY ............................... 13

    OTHER INSURANCE ................................ 14

**PART D – COVERAGE FOR DAMAGE TO YOUR COVERED AUTO**.................... 14

    INSURING AGREEMENT ........................... 14

    EXCLUSIONS............................................ 15

    LIMITS OF LIABILITY ............................... 17

    INSURING AGREEMENT – CUSTOM PARTS OR EQUIPMENT COVERAGE AND ADDITIONAL CUSTOM PARTS OR EQUIPMENT COVERAGE... 18

    INSURING AGREEMENT – TOWING AND LABOR ............................. 18

    INSURING AGREEMENT – RENTAL REIMBURSEMENT ................................... 18

    PAYMENT OF LOSS................................. 19

    NO BENEFIT TO BAILEE.......................... 19

    LOSS PAYEE AGREEMENT ..................... 19

    OTHER INSURANCE ................................ 19

    APPRAISAL............................................... 19

**PART E – DUTIES AFTER AN ACCIDENT OR LOSS**................................. 19

    WHAT YOU MUST DO IN CASE OF AN ACCIDENT OR LOSS ................................. 19

**PART F – GENERAL PROVISIONS**.......................... 20

    DECLARATIONS...................................... 20

    POLICY PERIOD AND TERRITORY ........................ 20

    CONTINUING DUTY TO REPORT POLICY CHANGES ................................. 20

    TERMS OF POLICY CONFORMED TO STATUTES ............................... 21

    TRANSFER OF YOUR INTEREST IN THIS POLICY....................... 21

    FRAUD OR MISREPRESENTATION ...................... 21

    PAYMENT OF PREMIUM ........................................ 21

    CANCELLATION...................................................... 21

    NONRENEWAL........................................................ 22

    PROOF OF NOTICE OF MAILING ........................... 22

    AUTOMATIC TERMINATION .................................. 22

    LEGAL ACTION AGAINST US ................................. 23

    OUR RIGHTS TO RECOVER PAYMENT .............. 23

    BANKRUPTCY........................................................ 23

    JOINT AND INDIVIDUAL INTERESTS.................... 23

    SETTLEMENT OF CLAIMS .................................... 23

    TWO OR MORE AUTO POLICIES .......................... 23

    ELECTRONIC SIGNATURE .................................... 23

    CHOICE OF LAW.................................................... 24

    MEXICO - COVERAGE EXCLUSION WARNING ... 24

**NAMED DRIVER EXCLUSION** ................................. 24

**NAMED NON-OWNER COVERAGE**........................... 24

    GENERAL DEFINITIONS ........................................ 24

    PART A – LIABILITY COVERAGE........................... 24

    OTHER INSURANCE.............................................. 24

    PART B – MEDICAL PAYMENTS COVERAGE ...... 24

    PART C – UNINSURED/UNDERINSURED MOTORIST COVERAGE ......................................... 25

**PHYSICAL DAMAGE COVERAGE FOR COVERED TRAILER**............................................. 25

## INSURANCE FRAUD WARNING

Any person who deliberately reports false information or withholds material information in the submission of an application for insurance or the presentation of a claim in order to obtain coverage or additional benefits to which they are not entitled is guilty of insurance fraud and may be subject to both criminal prosecution and civil penalties.

## WHAT YOU MUST DO IN CASE OF AN ACCIDENT OR LOSS

If a person or **vehicle** covered by this policy is involved in an **accident** or **loss** for which this insurance may apply, report it to **us** within twenty-four (24) hours or as soon as practicable by contacting **your** agent or calling **us** at 1-800-960-7777.

A.  **You** or an **insured person** should promptly report each **accident** or **loss** even if an **insured person** is not at fault;

B.  **You** should provide **us** with the following **accident** or **loss** information as soon as it is available:

1.  time and date;

2.  place;

3.  circumstances of the **accident** or **loss** – example – how the **accident** happened and weather conditions;

4.  the names and addresses of any persons involved;

5.  the names and addresses of any witnesses; and

6.  the license plate numbers of the vehicles involved;

C.  **You** or an **insured person** should also notify the police within twenty-four (24) hours or as soon as practicable if:

1.  a hit-and-run vehicle is involved; or

2.  theft or vandalism has occurred;

D.  A person seeking any coverage must:

1.  cooperate with **us** in the investigation, settlement or defense of any claim or lawsuit, or any matter concerning a claim;

2.  provide any written proof of **loss we** may reasonably require;

3.  allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;

4.  promptly send **us** any and all legal papers relating to any **accident** or **loss**;

5.  attend hearings and trials as **we** require;

6.  take reasonable steps after a **loss** to protect the **covered auto**, **non-owned auto**, or **trailer** from further **loss**. If **we** provide **PART D – COVERAGE FOR DAMAGE TO YOUR COVERED AUTO, we** will pay reasonable expenses incurred in providing that protection. If **you** fail to do so, any further damages will not be covered under this policy;

7.  allow **us** to have the damaged **covered auto**, **non-owned auto**, or **trailer** inspected and appraised before its repair or disposal;

8.  submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require; and

9.  authorize **us** to obtain medical and other records.

Should **you** fail to comply with any of these duties then **our** liability will be reduced to the extent that **we** are prejudiced by **your** action or inaction.

## AGREEMENT

In return for **your** payment of the premium on time, **we** will provide the insurance described in this policy.

## DEFINITIONS

Except as otherwise defined in this policy, terms appearing in boldface will have the following meaning:

A.  **"Accident"** means a sudden, unexpected, and unintended occurrence.

B.  **"Additional auto"** means an **auto** that **you** acquire in addition to the **auto(s)** shown on the **Declaration Page**, if:

1.  No other insurance applies to the acquired **auto**;

2.  Within thirty (30) calendar days after **you** become the **owner** of the **additional auto**, **you** ask **us** to add the **additional auto** to **your** policy. If **you** do not notify **us** within this time limit no retroactive coverage exists for the **additional auto**. Instead, coverage will be effective from the date of notification and going forward; and

3.  **We** insure all **autos owned** by **you** on the date **you** take possession of the **additional auto**.

If **you** ask **us** to insure the **additional auto** within thirty (30) calendar days after **you** acquire the **auto** and **we** agree to insure it, any coverage **we** provide for the **additional auto** is subject to the following conditions:

1.  On the date **you** become the **owner**, an **additional auto** will have the broadest coverage **we** provide on any **auto** shown on the **Declarations Page**.

2.  Any coverage **you** ask **us** to add to the **auto** or any increase of limits of liability shall not begin until after:

    a.  **We** agree to add the coverage or increase the limits; and

    b.  **You** pay any additional premium when due.

3.  The deductible for the **additional auto** will be the greater of either:

    a.  $500; or

    b.  The amount of any higher deductible shown on the **Declarations Page** for a **covered auto**;

    for any covered **loss** under Comprehensive Coverage or Collision Coverage that occurs before **you** have asked **us**, and **we** agree, to insure the **additional auto**.

C.  **"Auto"** means a four-wheeled private passenger vehicle or dual rear wheel six-wheeled pick-up truck designed for operation mainly on public roads with a gross vehicle weight (as determined by the manufacturer's specifications) of 10,000 pounds or less.

An **auto** does not include:

1.  Vans with cabs separate from the cargo area;

2.  Delivery van;

3.  Step-van;

4.  Cargo cutaway van; or

5.  Any type of all-terrain or quad vehicle, dune buggy, go-cart or golf cart.

D.  **"Bodily injury"** means physical injury, sickness, or disease, including death that results from physical injury, sickness, or disease. However, **bodily injury** does not include a person's emotional distress or mental anguish unless it arises out of actual physical injury to that person.

E.  **"Business"** includes a trade, profession, or occupation.

F.  **"Covered auto"** means:

1.  Any **auto** shown on **your Declarations Page**, unless **you** have asked **us** to delete that **auto** from the Policy;

2.  A **newly acquired auto**;

3.  **Your trailer**; or

4.  Any **auto** not **owned** by **you** while used on a temporary basis as a substitute for any other **auto** described in this definition which is out of normal use because of its:

    a.  Breakdown;

    b.  Repair;

    c.  Servicing;

    d.  **Loss**; or

    e.  Destruction.

5.  Any private passenger **auto** rented by **you**.

    The insurance coverage provided under this policy with respect to a rental **auto** shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by **you** for the rental **auto** that purchased coverage shall be primary and the coverage provided by this policy shall be excess coverage only.

G.  **"Crime"** means any criminal act, other than a traffic violation, or any action to flee from, evade or avoid arrest or detection by the police or other law enforcement agency, regardless of whether the

perpetrator is actually charged with or convicted of a criminal act.

H. **"Declarations Page"** means the document from **us** listing:

    a. the types of coverage **you** have elected;

    b. the limit for each coverage;

    c. the cost for each coverage;

    d. the specified **vehicle**s covered by this policy;

    e. the types of coverage for each such **vehicle**; and

    f. other information applicable to this policy.

I. **"Depreciation"** means a decline in value due to wear and tear or obsolescence.

J. "**Digital network**" means any online-enabled application, software, website or system offered or utilized by a transportation network company that enables the prearrangement of rides with transportation network company drivers.

K. **"Family member"** means:

a person residing in the same household as **you**, related to **you** by blood, marriage, or adoption, listed on the application, including a ward, stepchild, or foster child. Unmarried dependent children temporarily away from home will be considered residents if:

    a. they are under the age of twenty-five (25) years; and

    b. they intend to continue to reside in **your** household.

**"Family member"** includes **your** unmarried, dependent children living temporarily away from home who intend to **reside** in **your** household.

L. **"Forcible entry"** means making entry by actual force to the **covered auto** or the premises on which the **covered auto** is garaged, at the point of entry.

M. **"Loaner vehicle"** means any **auto** which is provided to **you** by any person engaged in the business of selling, repairing, or servicing motor vehicles for **your** temporary use as a replacement **vehicle** while a **covered auto**, only as defined in F.4 of these definitions, is being serviced or repaired. **Loaner vehicle** shall also mean any **auto** which is provided to **you** by any person engaged in the business of selling, repairing, or servicing motor vehicles for the purpose of allowing **you** to demonstrate or test drive the **auto**. The **loaner vehicle** shall have the same coverage as the **auto** being serviced or repaired.

N. **"Loss"** means sudden, direct, and accidental damage or destruction.

O. **"Named insured"** means the individual(s) designated as the named insured(s) on the **Declarations Page**.

P. **"Newly acquired auto"** means an **additional auto** or a **replacement auto** of which **you** become the **owner** during the policy period.

Q. **"Non-owned auto"** means any **auto** that is not **owned** by **you**, a **family member**, or the spouse of the **named insured** even if not residing in the same household as the **named insured**.

R. **"Occupying"** means in, on, entering, or exiting.

S. **"Original equipment manufacturer"** and **"OEM"** mean parts or items:

    1. Produced and/or installed by the manufacturer of the **auto**; or

    2. Produced by a vendor or the manufacturer of the **auto** that the manufacturer intends as a part of the **auto** or manufacturer's option when new.

T. **"Own"**, **"owned"**, **"owner"**, and **"ownership"**, with respect to an **auto** or **trailer**, mean the person who:

    1. Holds the legal title to the **auto** or **trailer**; or

    2. Has legal possession of an **auto** or **trailer** that is:

        a. Subject to a written security agreement; or

        b. Leased to that person by a written agreement for a continuous period of six (6) months or longer.

U. **"Prearranged ride"** means the provision of transportation by a driver to a rider that commences when a driver accepts a ride requested by a person through a **digital network** controlled by a **transportation network company**, continues during the driver transporting a requesting **rider**, and ends when the last requesting **rider** departs from the personal vehicle and not limited to, use of a **vehicle** while being operated on behalf of a **transportation network company** such as Uber, Lyft, Sidecar, etc. Coverage under this policy is not provided during the following time periods:

    1. while available for hire during the **pre-trip acceptance period**; or

    2. the trip acceptance period when a passenger has been picked up and is being driven to his/her destination.

V. **"Pre-trip acceptance period"** as used here in means any period of time during which a driver is logged into the **transportation network company**'s digital network and is available to receive transportation requests but is not engaged in a prearranged ride

W.  **"Property damage"** means physical damage to, destruction of, or loss of use of tangible property, but only to the extent that loss of use is recoverable under the laws of the State of Louisiana.

X.  **"Punitive or exemplary damages"** means awards that may be imposed to punish a wrongdoer of wanton, reckless, malicious, or oppressive actions, and such other damages that are intended to deter or discourage other similar conduct or behavior.

Y.  **"Replacement auto"** means an **auto** that **you** acquire to replace an **auto** shown on the **Declarations Page** if no other insurance applies to the acquired **auto** and **we** insure all **autos** that **you own**.

Any coverage **we** provide for a **replacement auto** is subject to the following terms:

1.  On the date **you** become the **owner** of a **replacement auto**, if coverage applies under this Policy, that **replacement auto** will have the same coverage as the **auto** shown on **your Declarations Page** that is being replaced.

2.  The deductible that applies to a **replacement auto** shall be the same as the **auto** it replaced.

3.  All coverage **we** provide for the **replacement auto** ends thirty (30) calendar days after **you** become the **owner** if **you** do not ask **us** to insure it within those thirty (30) calendar days. If **you** do not notify **us** within this time limit, no retroactive coverage exists for the **replacement auto**. Instead, coverage will be effective from the date of notification and going forward.

4.  Any coverage **you** ask **us** to add to the **auto** or any increase of limits of liability shall not begin until after:

    a.  **We** agree to add the coverage or increase the limits; and

    b.  **You** pay any additional premium when due.

Z.  **"Reside"**, **"resides"**, and **"residing"** mean to dwell within the household as the person's primary and legal domicile. Minor dependent children whose parents are separated or divorced shall be deemed to **reside** in both parents' household.

AA. **"Temporary vehicle"** means any **vehicle** or **trailer** not **owned** by **you** or a resident of **your** household, while temporarily used as a substitute for the **covered auto** while the **covered auto** is being serviced or repaired by a facility engaged in the business of selling, repairing, or servicing motor vehicles. The insurance coverage provided under this policy with respect to a **temporary substitute vehicle** shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by **you** for the **temporary substitute vehicle**, that purchased coverage shall be primary and the coverage provided under this policy shall be excess coverage only.

BB. **"Trailer"** means a non-motorized trailer designed to be towed on public roads by a **vehicle**. It includes a farm wagon or farm implement while being towed by a **covered auto**. It does not include:

    a.  a mobile home;

    b.  a **trailer** used as an office, store, or for display purposes;

    c.  a **trailer** used for passenger conveyance;

    d.  a **trailer** used for commercial or **business** purposes; or

    e.  a **trailer** used as a residence.

CC. **"Transportation network company"** means a person, whether natural or juridical, that uses a **digital network** to connect transportation network company riders to **transportation network company** drivers who provide prearranged rides, or a person, whether natural or juridical, that provides a technology platform to a transportation network company rider that enables the transportation network company rider to schedule a prearranged ride.

DD. **"Transportation network company driver"** or **"driver"** means a person who receives connections to potential passengers and related services from a **transportation network company** in exchange for payment of a fee to the **transportation network company**, and who uses a personal **vehicle** to offer or provide **a prearranged ride** to persons upon connection through a **digital network** controlled by **a transportation network company** in return for compensation or payment of a fee.

EE. **"Transportation network company rider"** or "rider" means a person who uses a **transportation network company**'s **digital network** to connect with a **transportation network driver** who provides **prearranged ride**s to the **rider** in the driver's personal **vehicle** between points chosen by the **rider**

FF. **"Use"** of a **vehicle** includes the loading and unloading of such **vehicle**.

GG. **"We"**, **"us"**, and **"our"** mean the company providing the insurance, as shown on the **Declarations Page**.

HH. **"You"** and **"your"** mean the person shown as the **named insured** on the **Declarations Page**, and that person's spouse if residing in the same household and holding a valid driver's license.

## PART A – LIABILITY COVERAGE

### INSURING AGREEMENT

1. Subject to the limits of liability, if **you** pay a premium for **bodily injury** or **property damage** liability coverage, **we** will pay damages, other than **punitive or exemplary damages**, for **bodily injury** or **property damage** for which an **insured person** becomes legally responsible because of an **accident** arising out of the ownership, maintenance, or use of a **covered auto**.

   **We** will settle or defend, at **our** option, any claim for damages covered by this Part A. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when **our** limits of liability for this coverage have been exhausted by payment of one or more judgments and/or one or more settlements. If the insurance provided under this Part A is excess to other coverage, **we** have no duty to defend **you**, any **insured person**, or the primary insurer, but **we** do have the right to associate in the defense. Should **we** be required to provide any **insured person** or alleged **insured person** with conflict counsel, the rate **we** pay said conflict counsel will be limited to the rate **we** normally pay to counsel **we** retain in the ordinary course of business in the defense of similar **losses**. **We** also have the right to require that such conflict counsel have certain minimum qualifications with respect to competency, including experience in defending similar **losses**. These limitations will apply regardless of whether counsel is chosen by the **insured person**, the alleged **insured person**, or by **us**.

   It is further understood and agreed that we are not obligated to pay, and shall not pay, attorney fees for any legal or investigative work unless such attorneys are selected by us.

2. When used in this Part A, "**insured person**" or "**insured persons**" means:

   a. **you** or a **family member** with respect to an **accident** arising out of the ownership, maintenance, or use of a **covered auto**;

   b. any person with respect to an **accident** arising out of that person's use of a **covered auto** with the express or implied permission of **you**;

   c. **you** or a **family member** with respect to an **accident** arising out of the maintenance or use of a **non-owned auto** with the express or implied permission of the **owner** of the **auto**; and

   d. any Additional Interests Insured designated by **you** in **your** application or by a change request agreed to by **us**, with respect to liability for an **accident** arising out of the use of a **covered**

**auto** or **non-owned auto** by a person described in a, b, or c above.

3. If **you** have asked **us** to exclude from coverage the **named insured**, the spouse of the **named insured**, a **family member**, or any other person, the insurance afforded by this policy shall not apply with respect to any **accident** or **loss** that occurs during the operation, maintenance, or use of any **auto** or **autos** by the excluded person. No liability or obligation of any kind will attach to **us** for any negligence or liability, vicarious or otherwise, that may be imputed by law to **you** or any other **insured person**, arising out of the ownership, operation, maintenance, or use of an **auto** by the excluded person.

### SUPPLEMENTARY PAYMENTS

In addition to **our** Limit of Liability, **we** will pay for an **insured person**:

1. all expenses that **we** incur in the settlement of any claim or defense of any lawsuit;

2. judicial interest allowed by law on that part of the judgment **we** pay, until **we** have paid or tendered that portion of the judgment that does not exceed **our** Limits of Liability. This does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured person**. Under no circumstances do **we** owe or will **we** pay judicial interest on that portion of a judgment that is not covered by this policy or does not fall within **our** Limits of Liability;

3. premiums on appeal bonds or attachment bonds required in any lawsuit **we** defend. **We** have no duty to purchase bonds in an amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;

4. up to $250 for a bail bond required because of an **accident** arising out of the ownership, maintenance or use of a **covered auto** or **non-owned auto**. **We** have no duty to apply for or furnish this bond; and

5. reasonable expenses, including loss of earnings up to $50 a day, incurred at **our** request.

### EXCLUSIONS

Coverage under this Part A does not apply to:

1. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of an **auto** or **trailer** while being used as a public livery or conveyance, including, but not limited to, delivery of magazines, newspapers, food, or any other products. However, this exclusion:

   a. applies only to the damages that are in excess of the minimum limits of liability required by the Louisiana Motor Vehicle Safety Responsibility Law; and

b. does not apply to shared-expense car pools;

2. any liability assumed by an **insured person** under any contract, agreement, or bailment;

3. **bodily injury** to an employee or co-employee of an **insured person** arising out of or within the course and scope of employment, except for domestic employees if benefits for such domestic employees are neither paid nor required to be provided under workers' compensation, disability benefits, or similar laws;

4. **bodily injury** or **property damage** arising out of an **accident** involving an **auto** or **trailer** being used by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing **autos.** This exclusion shall apply only to the damages that are in excess of the minimum limits of liability coverage required by the Louisiana Motor Vehicle Safety Responsibility Law.

5. **bodily injury** or **property damage** resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

6. **bodily injury** or **property damage** due to nuclear reaction or radiation;

7. **bodily injury** or **property damage** for which insurance is afforded under a nuclear energy liability insurance contract;

8. any obligation for which the United States Government is liable under the Federal Tort Claims Act;

9. **bodily injury** or **property damage** caused by an intentional act of an **insured person** or at the direction of an **insured person**;

10. **property damage** to any property owned by, rented to, being transported by, used by, or in the charge of an **insured person** or a person residing in **your** household. However, this exclusion does not apply to a rented residence or a rented garage damaged by a **covered auto**;

11. **bodily injury** or **property damage** resulting from a **family member's** operation or use of an **auto**, other than a **covered auto**, **owned** by a person who resides with **you**;

12. **bodily injury** or **property damage** resulting from **your** operation or use of:

    a. an **auto owned** by **you**, other than a **covered auto**;

    b. an **auto** regularly used by **you**, other than a **covered auto**;

    c. an **auto** available for **your** regular use, other than a **covered auto**;

13. **bodily injury** or **property damage** resulting from operation or use of a **auto** without the express or implied permission of the **auto's owner**;

14. **bodily injury** or **property damage** resulting from the ownership, maintenance, operation or use of a **covered auto** while it is being rented or leased to others;

15. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of a **trailer** while it is parked and being used:

    a. for commercial or **business** purposes;

    b. as a residence or premises; or

    c. as a premises for office, store or display purposes;

16. **bodily injury** or **property damage** resulting from the maintenance, operation, or use of any **auto**, other than a **covered auto**, while the **insured person** is acting within the course and scope of any employment, or engaged in any **business** or occupation;

17. **bodily injury** or **property damage** due to war;

18. **bodily injury** or **property damage** arising out of the ownership, maintenance, operation or use of an **auto** or other motorized conveyance, farm machine, or equipment designed primarily for use off of public roads;

19. liability of any **insured person** for **punitive or exemplary damages**;

20. **bodily injury** or **property damage** occurring while the **insured person** is engaged in the commission of a **crime**;

21. charges, fees and/or administrative expenses for services performed by law enforcement and/or other municipal personnel when responding to an **auto accident** or **loss** involving a **covered auto**;

22. **bodily injury** or **property damage** caused directly or indirectly by mold, mildew or fungus, including any type or form of:

    a. decomposing or disintegrating organic material or microorganism;

    b. organic surface growth on moist, damp, or decaying matter;

    c. yeast or spore-bearing plant-like organism; or

    d. spores, scents, toxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes;

23. court ordered criminal restitution;

24. **bodily injury** or **property damage** resulting from the discharge of any firearm or weapon in connection with the **ownership**, maintenance or use of any **auto**.

25. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of a vehicle while it is being used by a **transportation network company driver** during a **prearranged ride** and during the **pre-trip acceptance period.**

Any exclusion which is invalid or unenforceable under the financial responsibility laws for the State of Louisiana shall apply to that portion of the damages which exceeds the minimum limits of liability required by such law.

## LIMITS OF LIABILITY

The Limit of Liability shown on the **Declarations Page** is the most **we** will pay regardless of the number of:

1. claims made;

2. **covered autos**;

3. **trailers** shown on the **Declarations Page**;

4. **insured persons**;

5. lawsuits brought;

6. vehicles involved in an **accident**; or

7. premiums paid.

If **your Declarations Page** indicates that a combined single limit, or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one **accident**. However, without changing this total "each accident" limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

If **your Declarations Page** shows a split limit, the limit applies as follows:

1. The first amount shown for "Liability Bodily Injury" is the most **we** will pay for all damages due to **bodily injury** to one (1) person. The per person limit of liability includes the aggregate of all claims made for **bodily injury** to a person and all claims of others derived or resulting from or created by such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** of another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death. Wrongful death claims or damages, survivor's action claims or damages, loss of consortium claims or damages and claims or damages for physical or emotional injury resulting from witnessing the **bodily injury** to another person, are not covered by a separate per person limit but are included within the per person limit applicable to the **bodily injury** of the person from whom those claims are created or derived;

2. Subject to the per person limit, the second amount shown for "Liability Bodily Injury" is the most **we** will pay for all damages due to **bodily injury** to two (2) or more persons in any one (1) **accident**; and

3. The amount shown for "Liability Property Damage" is the most **we** will pay for the aggregate of all

**property damage** for which an **insured person** becomes liable from any one (1) **accident.**

No one will be entitled to duplicate payments for the same elements of damages.

The total damages recoverable under this Part A shall be reduced by any payment to that person for the same elements of damages under Part B – Medical Payments Coverage and Part C – Uninsured / Underinsured Motorist Coverage, but such reduction shall not apply to the extent it reduces coverage under Part A below the minimum liability limits required by the Louisiana Motor Vehicle Safety Responsibility Law.

An **auto** and attached **trailer** are considered one (1) **auto**. Therefore, the limits of liability will not be increased for an **accident** involving an **auto** which has an attached **trailer**.

## FINANCIAL RESPONSIBILITY LAWS

When **we** certify this policy as proof of financial responsibility, this policy will comply with the law to the extent required. **You** must reimburse **us** if **we** make a payment that **we** would not have made if this policy was not certified as Proof of Financial Responsibility.

## OTHER INSURANCE

If there is other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits.

Any insurance **we** provide for an:

1. **auto**, other than **covered auto**; or

2. **trailer**, other than a **trailer** being towed by a **covered auto**;

will be excess over any other collectible insurance, self-insurance, or bond.

Any insurance **we** provide for a **loaner vehicle** will be primary over any applicable insurance provided by a policy issued to the **owner** of the **loaner vehicle** for liability arising out of **your** use of the **loaner vehicle**. With respect to a private passenger rental **auto**, this coverage is primary unless the **insured person** purchases other liability insurance, in which case, the coverage under this Part A is excess to such other coverage.

## OUT-OF-STATE COVERAGE

If an **accident** to which this policy applies occurs in any state, territory, or possession of the United States of America or province or territory of Canada other than the one in which a **covered auto** is principally garaged, and the state, province, territory, or possession has:

1. an applicable financial responsibility or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the Limits shown on the **Declarations Page**, this policy will provide the higher limit; or

2. an applicable compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in the state, province, territory, or possession, this policy will provide the greater of:

   a. the required minimum amounts and types of coverage; or

   b. the limits of liability under this policy.

   However, under no circumstances will this policy provide No-Fault coverage, regardless of the state, territory, or possession of the United States of America or province or territory of Canada, in which an **accident** may occur.

## PART B – MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

1. Subject to the Limit of Liability shown on the **Declarations Page**, if **you** pay a premium for Medical Payments Coverage, **we** will pay the **usual and customary charge** for reasonable and necessary medical services incurred because of **bodily injury** that is:

   a. sustained by an **insured person**;

   b. caused by an **accident**; and

   c. arising out of the ownership, maintenance or use of an **auto**;

   provided the **bodily injury** is reported to **us** within three (3) years of the date of the **accident**.

   Any dispute as to the **usual and customary charge** will be resolved between the service provider and **us**.

2. When used in this Part B:

   a. **"Insured person"** and **"insured persons"** mean:

      i. **you** while **occupying** any **auto**, other than an **auto owned** by **you** which is not a **covered auto**;

      ii. a **family member** while **occupying** a **covered auto** or **non-owned auto**;

      iii. **you** or any **family member** when struck by an **auto** or a **trailer**, while not **occupying** an **auto**;

      iv. any other person while **occupying** a **covered auto**; and

      v. any person **occupying** a **trailer**:

         (1) shown on the **Declarations Page**; or

         (2) **owned** by **you** while attached to a **covered auto**.

   b. **"Non-owned auto"** means any **auto** not **owned** by **you**, a **family member**, or the **named insured's** non-resident spouse.

   c. **"Trailer"** means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by a land motor vehicle, that is not used for commercial or **business** purposes or as a passenger or livery conveyance.

   d. **"Usual and customary charge"** means an amount which **we** determine represents a customary charge for services in the geographic area in which the service is rendered. **We** shall determine the usual and customary charge through the use of independent sources of **our** choice.

   e. Reasonable and necessary medical services do not include treatment, services, products or procedures that are:

      i. experimental in nature;

      ii. for research;

      iii. not primarily designed to serve a medical purpose;

      iv. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the **bodily injury**;

      v. incurred for the use of the thermography or other related procedures of a similar nature;

      vi. incurred for the use of acupuncture or other related procedures of a similar nature;

      vii. incurred for the purchase or rental of equipment not primarily designed to serve a medical purpose; or

      viii. transportation expenses incurred to obtain medical treatment.

### EXCLUSIONS

The coverage provided under this Part B does not apply to **bodily injury**:

1. sustained by **you** or a **family member** while **occupying** a **non-owned auto** without the express or implied permission of the **owner**;

2. sustained by any person while **occupying** a **covered auto** without the express or implied permission of **you** or a **family member**;

3. that is intentionally inflicted on an **insured person** at that person's request, or otherwise self-inflicted;

4. sustained while **occupying** an **auto** while being used as a public livery or conveyance, including, but not limited to, delivery of magazines, newspapers, food or any other products. This

exclusion does not apply to shared-expense car pools or **bodily injury** sustained by **you**, or a **family member** while a passenger in a taxi or limousine of the private passenger type **auto** which is not **owned**, rented, or leased for use by **you** or a **family member**;

5.  sustained while **occupying** any **auto** or **trailer** while being used as a residence or premises;

6.  sustained by a **family member** while using or **occupying** any **auto owned** by such **family member**, other than a **covered auto**;

7.  arising out of an **accident** involving an **auto** or **trailer** while being used by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles. However, this exclusion does not apply to **you** or a family member.

8.  if workers compensation benefits are available for the **bodily injury**;

9.  for which insurance is afforded under a nuclear energy liability insurance contract;

10. due to nuclear radiation;

11. for which the United States Government is liable under the Federal Tort Claims Act;

12. caused by or as a consequence of war, insurrection, rebellion, or revolution.

13. occurring while the **auto** is being operated by an excluded operator;

14. when struck by a vehicle not intended for use on public roads;

15. occurring while the **insured person** is engaged in the commission of a **crime**;

16. occurring while the operator of a **covered auto** has a blood alcohol content above the legal limit for operation of an **auto**, or while the operator is under the influence of illicit drugs or any controlled substance(s). This exclusion shall apply only to the intoxicated driver and not to the permissive guest passengers of the **covered auto**; or

17. caused by the theft or conversion by a person to whom **you** have voluntarily entrusted **your covered auto**, whether the **covered auto** is stolen from the person to whom **you** entrusted it or another person.

18. caused directly or indirectly by mold, mildew or fungus, including any type or form of:

    a.  decomposing or disintegrating organic material or microorganism;

    b.  organic surface growth on moist, damp, or decaying matter;

    c.  yeast or spore-bearing plant-like organism; or

    d.  spores, scents, toxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes;

19. resulting from the discharge of any firearm or weapon in connection with the ownership, maintenance or use of any **auto**.

20. arising out of the ownership, maintenance or use of a vehicle while it is being used by a **transportation network company driver** during a **prearranged ride** and during the **pre-trip acceptance period**.

## LIMITS OF LIABILITY

The Limit of Liability for Medical Payments Coverage is shown on the **Declarations Page** and is the most **we** will pay for each **insured person** injured in any one **accident**, regardless of the number of:

1.  claims made;

2.  **covered autos**;

3.  **trailers** shown on the **Declarations Page**;

4.  **insured persons**;

5.  lawsuits brought;

6.  vehicles involved in an **accident**; or

7.  premiums paid.

Any amount payable to an **insured person** under this Part B shall be reduced by any payment to that person for the same elements of damages under Part A – Liability Coverage and Part C – Uninsured/Underinsured Motorist Coverage, but such reduction shall not apply to the extent it reduces coverage under Part A and Part C below the minimum liability limits required by the Louisiana Motor Vehicle Safety Responsibility Law.

No one shall be entitled to recover duplicate payments for the same elements of damages under this or any other motor vehicle insurance policy.

## OTHER INSURANCE

If there is other applicable **auto** medical payments insurance, **we** will pay only **our** share of the medical and funeral services.

**Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured person occupying** a:

1.  **auto**, other than a **covered auto**; or

2.  **trailer**, other than a **trailer** being towed by a **covered auto**;

will be excess over any other **auto** or **trailer** insurance providing payments for medical or funeral expenses. Coverage under this Part B shall be excess to benefits paid or payable to or on behalf of, the **insured person** under any individual or group policy of health insurance, employee benefit plan, or similar policy or insurance plan.

## PART C – UNINSURED/UNDERINSURED MOTORIST COVERAGE

### INSURING AGREEMENT

1. Subject to the Limits of Liability, if **you** pay a premium for Uninsured/Underinsured Motorist Bodily Injury Coverage, **we** will pay for damages, other than **punitive or exemplary damages**, which an **insured person** is entitled to recover from the **owner** or operator of an **uninsured motor vehicle** because of **bodily injury**:

   a. sustained by an **insured person**;

   b. caused by an **accident**; and

   c. arising out of the ownership, maintenance, or use of an **uninsured motor vehicle**.

2. Subject to the Limits of Liability, if **you** pay a premium for Uninsured/Underinsured Motorist Property Damage Coverage, **we** will pay for damages, other than **punitive or exemplary damages**, which an **insured person** is entitled to recover from the **owner** or operator of an **uninsured motor vehicle** due to **property damage**:

   a. to a **covered auto** listed on the **Declarations Page** as an **auto** for which Uninsured/Underinsured Motorist Property Damage Coverage is provided;

   b. caused by an **accident**; and

   c. arising out of the ownership, maintenance or use of an **uninsured motor vehicle**.

3. **We** will pay under this PART C only after the limits of liability under any applicable **bodily injury** liability policies, self-insurance and bonds have been exhausted by payment of judgments or settlements. If less than the full **bodily injury** limit of a liability policy is paid in payment of an **insured**'s **bodily injury** under a settlement or satisfaction of judgment, **we** shall be entitled to a credit for any unpaid portion of the limit of liability of such liability policy, unless the reason for payment of less than the full **bodily injury** limit was the reduction of the applicable "per accident" limit by payment of claims of **bodily injury** by other persons injured in the **accident**.

4. Any judgment for damages against an operator or **owner** of the **uninsured motor vehicle** which arises out of a lawsuit brought without **our** written consent is not binding on **us**.

### ADDITIONAL DEFINITIONS

When used in this Part C:

1. **"Insured person"** and **"insured persons"** mean:

   a. **you** or a person **residing** in the same household as **you** and related to **you** by blood, marriage, or adoption, or a legally recognized ward or foster child who lives in the same household as **you**;

   b. any other person occupying **your covered auto** with **your** express or implied permission; and

   c. any person who is entitled to recover damages covered by this Part C because of **bodily injury** sustained by a person described in a. or b. above.

2. **"Property damage"** means physical damage to or destruction of a **covered auto**. It does not include loss of use of the **covered auto** or diminution in value of the **covered auto**.

3. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

   a. to which no liability bond or policy applies at the time of the **accident**;

   b. to which a liability bond or policy applies at the time of the **accident**, but the bonding or insuring company is or becomes insolvent;

   c. that is a hit-and run vehicle whose operator or **owner** cannot be identified and which strikes:

      i. **you** or a person residing in the same household as **you** and related to **you** by blood, marriage, or adoption, or a legally recognized ward or foster child who lives in the same household as **you**;

      ii. an **auto** that an **insured person** is **occupying**; or

      iii. a **covered auto**;

   d. which causes an **accident** resulting in **bodily injury** or **property damage** without striking:

      i. **you** or a person residing in the same household as **you** and related to **you** by blood, marriage, or adoption, or a legally recognized ward or foster child who lives in the same household as **you**;

      ii. an **auto** that an **insured person** is **occupying**; or

      iii. a **covered auto**;

   provided that the **insured person** can prove, through an independent and disinterested witness, that the **bodily injury** or **property damage** was the result of the actions of another driver or another **auto** whose identity is unknown or who is uninsured or underinsured.

   e. an **underinsured motor vehicle**.

   An **uninsured motor vehicle** does not include any vehicle or equipment:

a. **owned** by **you** or a **family member** or furnished or available for the regular use of **you** or a **family member**;

b. **owned** or operated by a self-insurer under any applicable vehicle law, except a self-insurer that is or becomes insolvent;

c. operated on rails or crawler treads;

d. designed mainly for use off public roads;

e. while used as a residence or premises;

f. shown on the **Declarations Page** of this policy;

g. not required to be registered as a motor vehicle; or

h. **owned** by any government or any of its political subdivisions or agencies.

4. "**Underinsured motor vehicle**" means a land motor vehicle to which a **bodily injury** liability bond or policy applies at the time of the **accident**, but its limits of liability for **bodily injury** is less than the amount of the **insured person's** damages.

An **underinsured motor vehicle** does not include any vehicle or equipment:

a. **owned** by **you** or a **family member** or furnished or available for the regular use of **you** or a **family member**;

b. operated on rails or crawler treads;

c. designed mainly for use off public roads, while not on public roads;

d. while used as a residence or premises;

e. shown on the **Declarations Page** of this policy;

f. not required to be registered as a motor vehicle;

g. that is an **uninsured motor vehicle**;

h. **owned** by any government or any of its political subdivisions; or

i. **owned** or operated by a self-insurer under any applicable vehicle law, except a self-insurer that is or becomes insolvent.

5. "**Motor vehicle business**" means the **business** of:

a. selling;

b. repairing;

c. servicing;

d. storing;

e. parking;

f. road testing;

g. delivering;

h. leasing or renting;

i. washing; or

j. valet parking;

any motor vehicle.

**EXCLUSIONS**

A. Coverage under this Part C is not provided for **bodily injury** sustained by any person while using or **occupying**:

1. a **covered auto** without the express or implied permission of **you**;

2. a **non-owned auto** without the express or implied permission of the **owner**;

3. an **auto owned** by **you** or a **family member**, other than a **covered auto**;

4. if there is no physical contact between the **uninsured motor vehicle** and the **covered auto**, unless **you** or a **family member** can show through an independent and disinterested witness, that the **bodily injury** was the result of the actions of a driver whose identity is unknown or who is uninsured or underinsured;

5. a **covered auto** while the **auto** is being operated by an excluded driver;

6. a **covered auto** while the **insured person** is engaged in the commission of a **crime**.

B. **We** do not provide Uninsured/Underinsured Motorist Coverage for any **insured person** for **bodily injury**:

1. caused by the theft or conversion by a person to whom **you** have voluntarily given implied or express permission to operate **your covered auto**, whether the **covered auto** is stolen from the person to whom **you** provided the implied or express permission or by another person.

2. if the **insured person** or his or her legal representative, without thirty (30) days advance written notice to **us**, either:

a. settles the **bodily injury** claim; or

b. brings suit and obtains a judgment related to the **bodily injury** claim;

and, in doing so, impairs or prejudices **our** rights or interests to the extent that we are prejudiced.

3. if **our** interests or rights have been impaired or prejudiced by a judgment in any lawsuit against any person or organization that may be liable for such **bodily injury** and **we** have not given prior written consent to the **insured person** to proceed with that lawsuit.

4. caused intentionally by, or at the direction of, an **insured person** or that is, or should be, reasonably expected to result from an

intentional act of an **insured person** even if the actual **bodily injury** that results is different than that which was intended.

5. arising out of, and in the course of, employment. This exclusion does not apply to **bodily injury** to a domestic employee unless worker's compensation, disability benefits or similar benefits are required or available for that domestic employee.

6. that occurs while the **insured person** is employed or in any way involved while working for another person or entity in any **motor vehicle business**. This exclusion shall apply only to the damages that are in excess of the minimum limits of liability coverage required by the Louisiana Motor Vehicle Safety Responsibility Law. However, this exclusion does not apply to the **ownership**, maintenance or use of a **covered auto** by **you** or a **family member**.

7. that occurs while maintaining or using any vehicle while an **insured person** is employed or otherwise engaged in any **business** (other than farming or ranching). However, if a **business** or artisan use is noted on the **Declarations Page** for an **auto** shown on the **Declarations Page**, this exclusion does not apply to the ownership; maintenance; or use of that **auto** by:

   a. **you**;

   b. any **family member**; or

   c. any partner, agent or employee of **yours** or any **family member**.

8. while using an **auto** without the **owner's** express or implied permission. This exclusion does not apply to **you** or a **family member** when using or **occupying** a **covered auto**.

9. who:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   For the purpose of this exclusion, a nuclear energy liability policy means a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

10. arising out of the ownership, maintenance, or use of any **auto** while racing.

11. for which the United States Government is held responsible under the Federal Tort Claims Act.

12. that results from an **accident** or **loss** that occurs while the **insured person** is committing a **crime**.

13. caused by or any consequence of:

   a. war, whether declared or undeclared;

   b. civil war;

   c. insurrection;

   d. rebellion or revolution;

   e. radioactive contamination; or

   f. nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

14. resulting from the discharge of any firearm or weapon in connection with the ownership, maintenance or use of any **auto**.

15. arising out of the ownership, maintenance or use of a **covered auto** while it is being used by a **transportation network company driver** during a **prearranged ride** and during the **pre-trip acceptance period**.

16. resulting from use of a **covered auto** or rental auto by a person or persons specifically excluded by endorsement.

C. **We** do not provide Uninsured/Underinsured Motorist Coverage for any **insured person** for **bodily injury** arising out of the ownership, maintenance or use of:

1. any **auto** which has less than four wheels or which is designed for use mainly off public roads such as any type of all-terrain or quad vehicle, dune buggy, go-cart, or golf cart. This exclusion does not apply to use of a **trailer**.

2. any **auto** which is not insured for Uninsured/Underinsured Motorist Bodily Injury Coverage under this policy, that is:

   a. **owned** by **you**; or

   b. furnished or available for **your** regular use.

   This includes a **trailer** of any type used with that **auto**.

3. any **auto** which is not insured for Uninsured/Underinsured Motorist Bodily Injury Coverage under this policy that is:

   a. **owned** by any **family member**; or

   b. furnished or available for the regular use of any **family member**.

4.  a **covered auto** that:

    a.  has been rented, leased, subleased, loaned or given by **you** or a **family member** to another party in exchange for money, value, goods, services, compensation or reimbursement;

    b.  has been given in exchange for compensation;

    c.  is under a conditional sales agreement by **you** to another; or

    d.  has been entrusted to anyone other than **you** or a **family member** for consignment; sale; promoting sale; subleasing; leasing; renting; or selling, and is no longer in **your** possession.

    This exclusion does not apply to **you** or a **family member**.

D.  Coverage under this Part C is not provided for **property damage**:

    1.  sustained while a **covered auto** is being used or driven by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering or testing vehicles. However, this exclusion does not apply to **you**, a **family member**, or agent or employee of **you** or a **family member**, when using a **covered auto**;

    2.  resulting from any prearranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

    3.  due to nuclear reaction or radiation;

    4.  for which insurance is afforded under a nuclear energy liability insurance contract; or

    5.  to a **trailer**;

    6.  if there is no physical contact between the **uninsured motor vehicle** and the **covered auto**, unless **you** or a **family member** can show through an independent and disinterested witness, that the **property damage** was the result of the actions of a driver whose identity is unknown or who is uninsured or underinsured;

    7.  occurring while a **covered auto** is being operated by an excluded driver;

    8.  to any property **owned** by, rented to, being transported by, used by, or in the charge of an **insured person** or a person residing in **your** household;

    9.  to a **covered auto** while the **insured person** is engaged in the commission of a **crime**; or

    10. caused by the theft or conversion by a person to whom **you** have voluntarily entrusted **your** **covered auto**, whether the **covered auto** is stolen from the person to whom **you** entrusted it or by another person.

    11. if the **insured person** or his or her legal representative, without thirty (30) days advance written notice to **us** brings suit and obtains a judgment related to the **property damage** claim and, in doing so, impairs or prejudices **our** rights or interests.

    12. if **our** interests or rights have been impaired or prejudiced by a judgment in any lawsuit against any person or organization that may be liable for such **property damage** and **we** have not given prior written consent to the **insured person** to proceed with that lawsuit.

    13. caused intentionally by, or at the direction of, an **insured person** or that is or should be reasonably expected to result from an intentional act of an **insured person** even if the actual **property damage** that results is different than that which was intended.

    14. that occurs while the **covered auto** or rental auto is being used to carry persons or property for compensation or a fee or as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

    15. that occurs while the **covered auto** or rental auto is being used in a **personal vehicle sharing program**.

    16. for which insurance:

        a.  is afforded under a nuclear energy liability policy; or

        b.  would be afforded under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

        for the purpose of this exclusion, a nuclear energy liability policy means a policy issued by any of the following or their successors:

        a.  Nuclear Energy Liability Insurance Association;

        b.  Mutual Atomic Energy Liability Underwriters; or

        c.  Nuclear Insurance Association of Canada.

    17. caused by or any consequence of:

        a.  war, whether declared or undeclared;

        b.  civil war;

        c.  insurrection;

        d.  rebellion or revolution;

        e.  radioactive contamination; or

f.  nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

18. when using a **covered auto** or rental auto without the **owner's** express or implied permission.

19. for the first $250 of the amount of **property damage** to each **covered auto** or rental auto as the result of any one **accident**.

20. for any **auto** that has less than four wheels or which is designed for use mainly off public roads such as any type of all-terrain or quad vehicle, dune buggy, go-cart, or golf cart. This exclusion does not apply to **your trailer**.

21. for a covered auto that:

a.  has been rented, leased, subleased, loaned or given by **you** or a **family member** to another party in exchange for money, value, goods, services, compensation or reimbursement;

b.  has been given in exchange for compensation;

c.  is under a conditional sales agreement by **you** to another; or

d.  has been entrusted to anyone other than **you** or a **family member** for consignment; sale; promoting sale; subleasing; leasing; renting; or selling, and is no longer in **your** possession.

22. for any auto owned by you for which you have purchased Collision Coverage under this policy or any other policy.

E.  Coverage under this Part C will not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:

1.  workers' compensation law; or

2.  disability benefits law.

F.  Coverage under this Part C is not provided for **punitive or exemplary damages.**

## LIMITS OF LIABILITY

The Limit of Liability shown on the **Declarations Page** for the coverages under Part C is the most **we** will pay regardless of the number of:

1.  claims made;

2.  **covered autos**;

3.  **trailers** shown on the **Declarations Page**;

4.  **insured persons**;

5.  lawsuits brought;

6.  vehicles involved in an **accident**;

7.  premiums paid; or

8.  policies issued by **us**.

If **your Declarations Page** shows that a combined single limit, or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one **accident**.

If **your Declarations Page** shows a split limit, the limit applies as follows:

1.  the first amount shown for "Uninsured/Underinsured Bodily Injury" is the most **we** will pay for all damages due to **bodily injury** to one (1) person. The per person limit of liability includes the aggregate of all claims made for **bodily injury** to a person and all claims of others derived from or created by such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** of another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death. Wrongful death claims or damages, survivor's action claims or damages, loss of consortium claims or damages, and claims or damages for physical or emotional injury resulting from witnessing the **bodily injury** to another person are not covered by a separate per person limit but are included within the per person limit applicable to the **bodily injury** of the person from whom those claims are created or derived;

2.  subject to the per person limit, the second amount shown for "Uninsured/Underinsured Bodily Injury" is the most **we** will pay for all damages due to **bodily injury** to two (2) or more persons in any one (1) **accident**; and

3.  the amount shown for "Uninsured/Underinsured Property Damage" is the most **we** will pay for the aggregate of all **property damage** caused by any one (1) **accident**.

The amount of damages payable under this Part C shall be reduced by all sums:

1.  paid by or on behalf of any persons or organizations who may be legally responsible, including, but not limited to, all sums paid under Part A – Liability Coverage;

2.  paid or payable under Part B – Medical Payments Coverage, but such reduction shall not apply to the extent it reduces coverage under Part C below the minimum liability limits required by the Louisiana Motor Vehicle Safety Responsibility Law; and

3.  paid or payable because of **bodily injury** under any of the following or similar laws:

a.  workers' compensation law; or

b.  disability benefits law.

**Our** limit of liability under this Part C for **property damage** to a **covered auto** arising out of one (1) **accident** is the lowest of:

1. the actual cash value of the **covered auto** at the time of the **accident** reduced by the deductible shown on the **Declarations Page** and by its salvage value if **you** or the **owner** retain the salvage;

2. the amount necessary to replace the **covered auto**, reduced by the deductible shown on the **Declarations Page** and by its salvage value if **you** or the **owner** retain the salvage;

3. the amount necessary to repair the **covered auto** to its pre-loss condition, reduced by the deductible shown on the **Declarations Page**; and

4. any Limit of Liability shown on the **Declarations Page** for **property damage** under this Part C, reduced by the salvage value of the **covered auto** if **you** or the **owner** retains the salvage.

Payments for **property damage** under this Part C are subject to the following provisions:

1. any amount payable under this Part C for **property damage** shall be subject to the deductible shown on the **Declarations Page**;

2. no more than one (1) deductible shall be applied to any one (1) **accident**;

3. an adjustment for **depreciation** and physical condition, which may also be referred to as betterment, wear and tear, or prior damage will be made in determining the limit of liability at the time of the **accident**.

Any payment made to a person under this Part C shall reduce any amount that the person is entitled to recover for the same elements of damages under Part A – Liability Coverage or for **loss** under Part D – Coverage for Damage to Your Covered Auto.

No one will be entitled to duplicate payments for the same elements of damages. Any judgment for damages against an operator or **owner** of an **uninsured motor vehicle** which arises out of a lawsuit brought without **our** written consent is not binding on **us**. However, **you** may still have the right to coverage under this policy as long as **we** have not been prejudiced.

### OTHER INSURANCE

If there is other applicable uninsured/ underinsured motorist coverage, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits. Any insurance **we** provide under this Part C shall be excess over any other uninsured/ underinsured motorist coverage, except for **bodily injury** to **you** or a person residing in the same household as **you** and related to **you** by blood, marriage, or adoption, or a legally recognized ward or foster child who lives in the same household as **you** when **occupying** a **covered auto**. If an **insured person** sustains **bodily injury** while **occupying** an **auto** not **owned** by **you** or a **family member**, the following priorities of recovery apply:

1. the uninsured motorist coverage and underinsured motorist coverage on the **auto** the **insured person** is **occupying**; then

2. any uninsured motorist coverage and underinsured motorist coverage available under any other policy of insurance.

In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary uninsured motorist coverage available to the **insured person**.

**We** will not pay for any damages which would duplicate any payment made for damages under other insurance.

If any **insured person** suffers **bodily injury** that is otherwise covered under this Part C, while not **occupying** an **auto**, the coverage provided under this policy shall be excess to any uninsured/ underinsured motorist coverage provided by a policy under which that **insured person** is a **named insured**. If **you** suffer **bodily injury** that is otherwise covered under Part C while not **occupying** an **auto**, and are also a **named insured** under any other policy, **our** coverage will pay the proportionate share that **our** limits bear to the total available uninsured/ underinsured motorist coverage limits.

If multiple **auto** policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## PART D – COVERAGE FOR DAMAGE TO YOUR COVERED AUTO

### INSURING AGREEMENT

1. If **you** pay a premium for Collision Coverage, **we** will pay for **loss** to a:

    a. **covered auto** for which Collision Coverage has been purchased;

    b. **temporary vehicle** or **loaner vehicle**; or

    c. **trailer**;

    when it collides with another object or overturns, subject to the limits of liability.

2. If **you** pay a premium for Comprehensive Coverage, **we** will pay for losses caused by **other than collision loss** to a:

    a. **covered auto** for which Comprehensive Coverage has been purchased;

    b. **temporary vehicle** or **loaner vehicle**; or

    c. **trailer**;

    subject to the limits of liability.

    **"Comprehensive"** and **"other than collision"** mean a **loss** caused by:

    a. contact with an animal (including a bird);

    b. explosion or earthquake;

    c. fire;

d.  malicious mischief or vandalism;

e.  missiles or falling objects;

f.  riot or civil commotion;

g.  theft or larceny;

h.  windstorm, hail, water, or flood; or

i.  breakage of glass.

If **you** pay a premium for Other Than Collision Coverage under this policy, **we** will pay **you** the greater of;

a.  up to $20 per day, but not more than a total of $600 per **loss**; or

b.  any higher Limit of Liability purchased as Rental Reimbursement Coverage that is shown on the **Declarations Page**;

for transportation expenses incurred by **you** if a **covered auto** is stolen.

Transportation expense coverage begins forty-eight (48) hours after **you** report the theft to **us**, and ends the earliest of:

a.  when the **covered auto** has been recovered and returned to **you** or its **owner**;

b.  when the **covered auto** has been recovered and repaired;

c.  when the **covered auto** has been replaced;

d.  seventy-two (72) hours after **we** make an offer to pay the actual cash value of the **covered auto** if the **covered auto** is deemed by **us** to be a **total loss** or unrecoverable.

**You** must provide **us** written proof of **your** transportation expenses. **We** will not pay or reimburse transportation expenses unless they are actually incurred with a person or a company in the business of transporting people or renting motor vehicles, and appropriately licensed to engage in that business.

Duplicate recovery for identical elements of damages is not permitted under this policy.

If **we** can pay the **loss** under either Comprehensive Coverage or Collision Coverage, **we** will pay under the coverage where **you** collect the most.

3.  When used in this Part D:

a.  **"Custom parts or equipment"** means equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which alter the appearance or performance of an **auto** and are permanently installed or attached. This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or play back recorded media, other than those which are original

manufacturer installed, that are permanently installed in a **covered auto** using bolts or brackets, including slide-out brackets.

b.  **"Trailer"** means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by a land motor vehicle, that is:

i.  **owned** by **you**;

ii.  not **owned** by **you**, while being towed by a **covered auto**; or

iii.  shown on the **Declarations Page**

but "**trailer**" does not include:

i.  a mobile home;

ii.  a **trailer** used as an office, store, or for display purposes;

iii.  a **trailer** used for passenger conveyance;

iv.  a **trailer** used for commercial or **business** purposes; or

v.  a **trailer** used as a residence.

c.  **"Total loss"** means:

i.  the theft of the **auto** if the **auto** is not recovered within thirty (30) days; or

ii.  any other **loss** to the **auto** that is payable under this Part D if the cost to repair the damage (including parts and labor), when combined with the salvage value, exceeds the actual cash value of the **auto** at the time of **loss**.

## EXCLUSIONS

Coverage under this Part D does not apply for **loss**:

1.  to a **covered auto**, **non-owned auto**, or **trailer**, while being used as a public livery or conveyance, including, but not limited to, delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to share-expense car pools;

2.  to any **covered auto** or **trailer** while it is leased or rented to others;

3.  to a **trailer** rented by **you** or a **family member** if being maintained or used by a person while employed or engaged in any **business**;

4.  to a **non-owned auto** or **trailer**, other than one rented by **you** or a **family member**, if being maintained or used by a person while employed or engaged in any **business** not described in exclusion 5 below. This exclusion does not apply to the use by **you** or any **family member** of a **non-owned auto** that is a private passenger **auto** or **trailer**;

5.  to a **covered auto**, **non-owned auto**, or **trailer**, while being used or driven by a person while

employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles. However, this exclusion does not apply to **you**, a **family member**, or an agent or employee of **you** or a **family member**, when using a **covered auto**;

6.  to a **covered auto** or **non-owned auto** resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

7.  to a **covered auto**, **non-owned auto**, or **trailer**, due to nuclear reaction or radiation, war, insurrection, rebellion, or revolution;

8.  to a **covered auto**, **non-owned auto**, or **trailer**, for which insurance is afforded under a nuclear energy liability insurance contract;

9.  due to destruction or confiscation by governmental or civil authorities of a **covered auto**, **non-owned auto**, or **trailer**, because **you** or any **family member** engaged in illegal activities;

10. to a **covered auto**, **non-owned auto**, or **trailer**, caused by an intentional act of **you** or a **family member** or at the direction of **you** or a **family member**;

11. to a **covered auto**, **non-owned auto**, or **trailer**, that is due and confined to:

    a.  wear and tear;

    b.  freezing;

    c.  mechanical or electrical breakdown or failure; or

    d.  road damage to tires.

    This exclusion does not apply if the damage results from the total theft of a **covered auto**, **non-owned auto**, or **trailer**;

12. due to theft or conversion of a **covered auto**, **non-owned auto**, or **trailer**:

    a.  by **you**, a **family member**, or any **resident** of **your** household;

    b.  prior to its delivery to **you** or a **family member**; or

    c.  while in the care, custody, or control of anyone engaged in the **business** of selling the **auto** or **trailer**;

13. to equipment, devices, accessories, and any other personal effects which are not permanently installed or attached by brackets or bolts. This includes, but is not limited to:

    a.  tapes, compact discs, cassettes, and other recording or recorded media;

    b.  to any case or other container designed for use in storing or carrying tapes, compact discs, cassettes, or other recording or recorded media;

    c.  to any device used for the detection or location of radar, laser, or other speed measuring equipment or its transmissions; or

    d.  to any other electronic equipment that receives or transmits audio, visual, or data signals, including but not limited to citizen band radios, telephones, two way mobile radios, television monitor receivers, or personal computers;

14. to **custom parts or equipment**;

15. to a **covered auto**, **non-owned auto**, or **trailer**, for diminution of value. "Diminution of value" means a perceived or actual loss in value following a workmanlike repair;

16. for storage charges incurred because **you** failed to promptly notify **us** of the **loss** and the location of the **auto**;

17. occurring while the **auto** is being operated by an excluded driver;

18. to any property owned by, rented to, being transported by, used by, or in the charge of an insured person or a person residing in **your** household;

19. to a **covered auto**, **non-owned auto**, or **trailer**, caused directly or indirectly by mold, mildew or fungus, including any type or form of:

    a.  decomposing or disintegrating organic material or microorganism;

    b.  organic surface growth on moist, damp, or decaying matter;

    c.  yeast or spore-bearing plant-like organism; or

    d.  spores, scents, toxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

    This exclusion does not apply to **loss** caused by mold, mildew, or fungus, if such **loss** is caused by any other **loss** covered under this Part D; or

20. to a **covered auto**, **non-owned auto**, or **trailer**, caused by:

    a.  war or civil war whether declared or undeclared;

    b.  warlike action by any military force by any government, sovereign or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack;

    c.  insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these actual or expected acts;

d. any accidental or intentional discharge, dispersal or release of radioactive, nuclear, pathogenic or poisonous biological material. This exclusion does not apply to acts of terrorism;

e. any intentional discharge, dispersal or release of chemical or hazardous material for any purpose other than its safe and useful purpose; this exclusion, B(20e), does not apply to individual cases of vandalism to **your covered auto**;

21. occurring while the insured person is engaged in the commission of a **crime**;

24. due to theft if evidence exists that **forcible entry** was not required to gain access to the **covered auto**; or

23. to any vehicle being towed by **your covered auto**, which is not shown on the **Declarations Page**, and for which a premium has not been paid. This exclusion does not apply to **trailers**.

24. arising out of or resulting from the operator of **your covered auto** or any **non-owned auto**;

a. having a blood alcohol content above the legal limit for operation of a motor vehicle; or

b. while under the influence of any controlled dangerous substance described in R.S. 14:98(A)(1)(c) or R.S. 40:964.

25. arising out of the ownership, maintenance or use of a **covered auto** while it is being used by a **transportation network company driver** during a **prearranged ride** and during the **pre-trip acceptance period**.

## LIMITS OF LIABILITY

1. The limit of liability for **loss** to a **covered auto**, or **trailer** will be the lowest of:

a. the actual cash value of the stolen or damaged property at the time of the **loss**, reduced by the applicable deductible shown on the **Declarations Page**, and by its salvage value if **you** or the **owner** retain the salvage;

b. the amount necessary to replace the stolen or damaged property, reduced by the applicable deductible shown on the **Declarations Page** and by its salvage value if **you** or the **owner** retain the salvage;

c. the amount necessary to repair the stolen or damaged property, reduced by the applicable deductible shown on the **Declarations Page**; or

d. any applicable Limit of Liability or Stated Amount Vehicle Coverage elected by **you**, reduced by its salvage value if **you** or the **owner** retains the salvage.

However, if the **loss** is to a **trailer**:

a. and the **trailer** is shown on the **Declarations Page**, the most **we** will pay for **loss** is the Limit of Liability shown on the **Declarations Page** for the **trailer** sustaining the **loss**.

b. **Our** limit of liability for any other **trailer** is $500.

2. Payments for **loss** covered under Collision Coverage or Comprehensive Coverage are subject to the following provisions:

a. no more than one (1) deductible shall be applied to any one (1) covered **loss**;

b. if coverage applies to a **loaner vehicle** operated by **you**, the highest deductible on any **covered auto** shall apply;

c. an adjustment for **depreciation** and physical condition, which may be referred to as betterment, wear and tear, or prior damage, will be made in determining the limit of liability at the time of **loss**;

d. in determining the amount necessary to repair damaged property to its pre-loss condition, **our** estimate will be based on:

i. the prevailing competitive labor rates charged in the area where the property is to be repaired, as reasonably determined by **us**; and

ii. the cost of repair or replacement parts and equipment which may be new, refurbished, restored, or used, including, but not limited to:

(1) original manufacturer parts or equipment;

(2) non original manufacturer parts or equipment;

e. the actual cash value is determined by the market value, age and condition of the **vehicle** at the time the **loss** occurs;

f. duplicate recovery for the same elements of damages is not permitted;

g. any amount paid or payable to a person under this Part D shall be reduced by any amount paid for **property damage** under Part C – Uninsured/Underinsured Motorist Coverage;

h. in the repair of **your covered auto** under Part D of this policy, **we** may require or specify the use of motor vehicle parts not made by the original manufacturer. These parts are required to be at least equal in terms of fit, quality, performance, and warranty to the original manufacturer parts they replace;

i.   if **we** pay to repair the damaged property, then **we** are not responsible for any diminution in the value of the damaged property caused by the **loss**.

3.   If more than one (1) **auto** is shown on **your Declarations Page**, coverage will be provided as specified on the **Declarations Page** as to each **auto**.

4.   No deductible will apply to a **loss** to window glass when the glass is repaired instead of replaced.

5.   If two or more deductibles apply to any one covered **loss**, only the lowest deductible will apply.

## INSURING AGREEMENT – CUSTOM PARTS OR EQUIPMENT COVERAGE AND ADDITIONAL CUSTOM PARTS OR EQUIPMENT COVERAGE

Subject to the Limits of Liability, if **you** pay a premium for Comprehensive and Collision Coverage, **we** will pay for theft of, or damage to, **custom parts or equipment** resulting from any **loss** for which Comprehensive or Collision Coverage is provided under the terms of this policy. All payments for **loss** to **custom parts or equipment** shall be reduced by the applicable deductible, but only one deductible may be applied to any one **loss** in an **accident** which is covered under this Part D. However, Additional Custom Parts or Equipment Coverage applies only to **custom parts or equipment** on a **covered auto** for which this coverage has been purchased.

The limit of liability for **loss** to **custom parts or equipment** is the lowest of:

1.   the actual cash value of such **custom parts or equipment**, reduced by the applicable deductible, and reduced by its salvage value if **you** or the **owner** retains the salvage;

2.   the amount necessary to repair such **custom parts or equipment**, reduced by the applicable deductible;

3.   the amount necessary to replace such **custom parts or equipment** reduced by the applicable deductible and reduced by its salvage if **you** or the **owner** retain the salvage;

4.   the limit of:

a.   $1,000 if **you** did not purchase Additional Custom Parts or Equipment Coverage; or

b.   if **you** have purchased Additional Custom Parts or Equipment Coverage, $1,000 added to the amount of Additional Custom Parts or Equipment Coverage **you** purchased. The Limit of Liability for **custom parts or equipment** shall not exceed the declared value of all **custom parts or equipment** on the **covered auto**.

Coverage for **custom parts or equipment** shall not cause any Limit of Liability under this Part D to be increased to an amount in excess of:

a.   the actual cash value, including its **custom parts or equipment**, of any stolen or damaged **vehicle**; or

b.   any applicable Limit of Liability or Stated Amount Vehicle Coverage elected by **you**.

Any deductible amount will apply separately to each **loss**.

## INSURING AGREEMENT – TOWING AND LABOR

If **you** pay a premium for Towing and Labor Coverage, **we** will pay for towing and labor costs incurred by **you** as a result of the disablement of a **covered auto**, subject to the Limit of Liability shown on the **Declarations Page**, provided that the labor is performed at the time and place of disablement and if the disablement does not occur at **your** residence. The towing and labor costs must be incurred from a business whose day to day operations involve the recovery, towing or transporting of **autos**. Receipts must be provided to **us** for payment.

## INSURING AGREEMENT – RENTAL REIMBURSEMENT

If **you** pay a premium for Rental Reimbursement Coverage, **we** will reimburse **you**, subject to the Limits of Liability. **Our** limits of liability are the amount of coverage shown on the **Declarations Page**. The maximum amount that will be reimbursed during any policy period is the amount shown on the **Declarations Page**, regardless of the number of losses to **your covered auto** during the policy period. Additional fees or charges for insurance, damage waivers, optional equipment, fuel or accessories are not covered and will not be considered for reimbursement.

If no amount is shown in the **Declarations Page** for this coverage, **we** will reimburse **you** or, at **our** option, pay directly on **your** behalf, without application of a deductible, the daily rental expenses incurred by **you** for renting up to a "full size" **auto** from a commercially licensed rental agency.

Both the classification of the **auto** ("full size") and the commercially licensed rental agency must be approved by **us** prior to **your** rental of the **auto**. Daily rental expenses shall not include cost of insurance related to the rental of the **auto**, cost of refueling the rental **auto** or mileage fees. **Our** payment will be limited to the lesser of forty five (45) days or that period of time reasonably required to repair **your covered auto** or, in the event of total loss, the date **we** offer to pay the actual cash value of **your covered auto**.

This coverage applies to any one (1) **accident** for rental charges incurred by **you** when **you** rent an **auto** from a rental agency or **auto** repair shop due to a **loss** to a **covered auto**, other than a total theft, that is payable under this Part D. Rental charges will be reimbursed beginning:

1. when the **covered auto** cannot be driven due to a **loss**; or

2. if the **covered auto** can be driven, when **you** deliver the **covered auto** to an **auto** repair shop for repairs due to the **loss**;

    and ending when the **covered auto** has been repaired, replaced, or if the **covered auto** is deemed by **us** to be a **total loss**, seventy-two (72) hours after **we** make an offer to pay the actual cash value of the **covered auto**.

If Rental Reimbursement Coverage applies, no other coverage under this policy for rental expenses shall apply.

**You** must provide **us** written proof of **your** rental charges. **We** will not pay Rental Reimbursement expenses unless they are actually incurred with a person or a company in the business of renting motor vehicles, and appropriately licensed to engage in that business.

Duplicate recovery for identical elements of damages is not permitted under this policy.

## PAYMENT OF LOSS

At **our** expense, **we** may return any stolen property to **you** or to the address shown on the **Declarations Page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value. **We** may settle any **loss** with **you**, the **owner**, the loss payee or lienholder of the property. **We** will pay any undisputed portion of a claim within thirty (30) days after receipt of satisfactory proof of **loss** from **you** or any other party in interest.

## NO BENEFIT TO BAILEE

Coverage under this Part D will not directly or indirectly benefit any carrier or other bailee for hire.

## LOSS PAYEE AGREEMENT

Payment for damage to a **covered auto** will be made according to **your** interest and the interest of any Loss Payee or lienholder shown on the **Declarations Page** or designated by **you**. Any and all defenses **we** are able to assert against **you** shall be effective as to the loss payee and shall operate to invalidate the loss payee's interest under this policy. Payment may be made to both jointly, or separately, at **our** discretion. **We** may make payment for a partial **loss** covered under this Part D directly to the repair facility with **your** consent.

**We** will be entitled to the Loss Payee or lienholder's rights of recovery, to the extent of **our** payment to the Loss Payee or lienholder.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of **you** or a **family member**, the Loss Payee or lienholder's interest will not be protected.

## OTHER INSURANCE

If there is other applicable insurance, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability. However, any insurance that **we** provide

for an **auto**, other than a **covered auto**, or for a **non-owned auto** or **trailer**, will be excess over any other collectible source of recovery including, but not limited to:

1. any coverage provided by the **owner** of the **non-owned auto** or **trailer**; and

2. any other applicable physical damage insurance.

Any insurance **we** provide for a **loaner vehicle** will be primary over any applicable insurance provided by a policy issued to the **owner** of the **loaner vehicle** for **loss** arising out of **your** use of the **loaner vehicle**.

With respect to a private passenger rental **auto**, this coverage is primary unless the insured person purchases physical damage insurance, collision damage waiver, or other protection against damage to the rental **auto**, in which case, the coverage under Part D is excess to such other coverage.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a **loss**, then **we** and **you** may agree to an appraisal of the **loss**. If so, each party shall appoint a competent and impartial appraiser. The appraisers will determine the amount of **loss**. If they fail to agree, the disagreement will be submitted to a qualified and impartial umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within fifteen (15) days, **we** or **you** may request that a judge of a court of record, in the Parish where **you** reside, select an umpire. The appraisers and umpire will determine the amount of **loss**. The amount of **loss** agreed to by both appraisers, or by one appraiser and the umpire, will determine the amount payable under this Part D, but will not be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. Payment of the umpire and all other expenses of the appraisal will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal. Nothing in this provision shall deprive **you** of **your** right to bring a court action to recover any sums due under this policy.

# PART E – DUTIES AFTER AN ACCIDENT OR LOSS

## WHAT YOU MUST DO IN CASE OF AN ACCIDENT OR LOSS

If a person or **auto** covered by this policy is involved in an **accident** or **loss** for which this insurance may apply, report it to **us** within twenty-four (24) hours or as soon as practicable by contacting **your** agent or calling **us** at 1-800-468-3466.

1. **You** or an insured person should promptly report each **accident** or **loss** even if an **insured person** is not at fault;

2. **You** should provide **us** with the following **accident** or **loss** information as soon as it is available:

a.  time;

b.  place;

c.  circumstances of the **accident** or **loss** – example- how the **accident** happened and weather conditions;

d.  the names and addresses of any persons involved;

e.  the names and addresses of any witnesses; and

f.  the license plate numbers of the vehicles involved;

3.  **You** or an insured person should also notify the police within twenty-four (24) hours or as soon as practicable and notify **us** within thirty (30) days of the date of the **accident** in order to qualify for coverage if:

a.  a hit-and-run vehicle is involved; or

b.  theft or vandalism has occurred;

4.  A person seeking any coverage must:

a.  cooperate with **us** in the investigation, settlement or defense of any claim or lawsuit, or any matter concerning a claim;

b.  provide any written proof of **loss we** may reasonably require;

c.  allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;

d.  promptly send **us** any and all legal papers relating to any **accident** or **loss**;

e.  attend hearings and trials as **we** require;

f.  take reasonable steps after a **loss** to protect the **covered auto**, **non-owned auto**, or **trailer** from further **loss**. If **we** provide PART D – COVERAGE FOR DAMAGE TO YOUR COVERED AUTO, **we** will pay reasonable expenses incurred in providing that protection. If **you** fail to do so, any further damages will not be covered under this policy;

g.  allow **us** to have the damaged **covered auto**, **non-owned auto**, or **trailer** inspected and appraised before its repair or disposal;

h.  submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require; and

i.  authorize **us** to obtain medical and other records.

## PART F – GENERAL PROVISIONS

### DECLARATIONS

**You** agree and understand that the statements contained in the application, and any subsequent endorsements or applications that form a part of this policy are truthful and are offered as an inducement to **us** to issue or continue this policy. **You** agree that these agreements and representations are made by **you**, or on **your** behalf, and that **we** rely on them to be truthful and a complete representation by **you**. Any information found to the contrary could jeopardize the coverage provided under this policy.

This policy shall be voidable, at **our** option, if **you** or any **family member** has, with intent to deceive, concealed or misrepresented any material fact concerning any matter regarding completion of the application.

### POLICY PERIOD AND TERRITORY

This policy applies only to **accidents** and **losses** occurring during the policy period shown on the **Declarations Page** and which occur within The United States of America, any state, territories or possessions, Puerto Rico or Canada, or while a **covered auto** is being transported between their ports.

In the event that any premiums are not timely paid during the policy period and coverage is terminated because of the lack of such timely payment, any reinstatement of coverage shall begin at the time that such payments are received by **us** or **your** agent. Each policy period shall end at 12:01 a.m. on the expiration date stated on the policy Declaration or Endorsement page.

### CONTINUING DUTY TO REPORT POLICY CHANGES

This policy, **your** application for insurance (which is made a part of this policy as if attached hereto), and endorsements issued by **us** to this policy contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

The premium for each **covered auto** is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and **you** will notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **we** may adjust **your** premium during the policy period, or take other appropriate action. Notice of any additional premium due will be issued where there is any such change in circumstances from those stated in the application. To properly insure **your auto**, **you** agree that **you** have a continuing duty to notify **us** within thirty (30) days when:

1.  **you** change **your** mailing or residence address;

2.  **you** change the garaging address of any **covered auto** or **trailer**;

3. any resident operators are added or deleted or there is any change to residents in **your** household or the persons who regularly operate a **covered auto**; or

4. **you** acquire a **newly acquired auto.**

Changes that may result in a premium adjustment are contained in **our** rates and rules. These include, but are not limited to **you** or a **family member** obtaining a driver's license or operator's permit, or changes in **covered autos**, garaging location, coverages, deductibles, limits, discount eligibility, age, marital status, driving record, or accident history.

**We** may revise this policy form to provide more coverage without additional premium charge. If **we** do this **your** policy will automatically provide the additional coverages as of the date the revision is effective in **your** state.

If the misrepresentation or warranty is made at any time other than at the time of the initial application with the intent to deceive, the policy may be cancelled.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform to the legal requirements of the State of Louisiana, the provision shall be deemed amended to conform to such legal requirements. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the laws of the State of Louisiana.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

This policy may not be transferred to another person without **our** written consent. If **you** die, this policy will provide coverage until the cancellation or expiration of the current policy period for **your** legal representative, while acting as such, and for persons covered under this policy on the date of **your** death.

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void coverage under this policy if **you** made, with the intent to deceive, a false statement on a material fact or knowingly concealed or misrepresented any material fact or circumstance at the time application was made.

**We** may cancel this policy, and deny coverage for an **accident** or **loss** if **you** or a person claiming insurance coverage under this policy have knowingly and with the intent to deceive, concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the occurrence, presentation or settlement of a claim. In the event of cancellation for fraudulent conduct or misrepresentation related to a claim, **we** will continue to provide coverage for legitimate claims occurring before the effective date of cancellation.

## PAYMENT OF PREMIUM

If **your** initial premium payment, renewal premium payment, or installment premium payment is by check,

draft, or any remittance other than cash, coverage under this policy is conditioned upon the check, draft, or remittance being honored upon presentment. If the check, draft, or remittance is not honored upon presentment, this policy may, at **our** option, be deemed canceled from the date the premium payment was due, but **we** will give **you** the notice of cancellation and the opportunity to redeem the dishonored check, draft, or other remittance, as may be required by law. This means that **we** will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment. If the dishonored check, draft, or other remittance is redeemed within the ten (10) day period as set forth by law, the coverage will be reinstated as of the premium due date.

If **you** tender a payment to **us** for any full or partial payment of **your** premium, other than **your** initial payment, and the payment is returned to **us** because of insufficient funds, a closed account, or a stop payment; or if **your** premium payment is received after the due date but prior to cancellation, a charge may be added to **your** account balance. This charge is in addition to any other remedies that may be allowed under the law including cancellation of the coverage from the due date of the premium.

In addition to premium, fees may be charged on **your** policy. **We** may charge fees for installment payments, late payments, and other transactions. Payments made on **your** policy will be applied first to fees, then to premium due

## CANCELLATION

The **named insured** may cancel this policy by giving **us** written notice of the desire to cancel and surrendering this policy to **us** prior to, or on the effective date of such cancellation. In the event this policy has been lost or destroyed and cannot be surrendered, **we** may in lieu of such surrender accept and in good faith rely upon the **named insured's** written statement setting forth the fact of such loss or destruction.

**We** may cancel this policy by mailing a notice of cancellation to the **named insured** shown on the **Declarations Page** at the last known address appearing in **our** records. If **your** application includes more than one address, mailing the notice of cancellation to any one (1) listed address shall satisfy **our** obligation to give notice of cancellation. Like notice will be mailed to any Loss Payee or lienholder named on the policy.

If **we** cancel this policy for non-payment of premium, notice will be mailed at least ten (10) days before the effective date of cancellation. If the premium was not paid because a check, draft, or other remittance was not honored upon presentment, cancellation shall be effective as of the premium due date. This means that **we** will not be liable after the premium due date for any claim, injury, damage, or **loss** which would otherwise be covered if the check, draft, or other remittance had been honored. The cancellation shall remain effective unless,

within ten (10) days of the date the notice of cancellation was mailed, the **named insured** or the **named insured's** legal representative redeems the dishonored check, draft, or other remittance by presenting to **us** a cashier's check or money order for the full amount of the returned check, draft, or other remittance.

If the dishonored check, draft, or other remittance is redeemed within the ten (10) day period as set forth above, the coverage will be reinstated as of the premium due date.

If **we** cancel this policy for any reason other than non-payment of premium, notice will be mailed at least thirty (30) days before the effective date of cancellation. Cancellation for non-payment of premium requires notice to be mailed at least ten (10) days before the effective date of cancellation.

**We** may cancel this policy for any reason within the first fifty-nine (59) days of the policy period shown on the **Declarations Page.** After this policy is in effect for sixty (60) days or more, or if this is a renewal or continuation policy, **we** may cancel only for one (1) or more of the following reasons:

1.  **you** do not pay the required premium for this policy when due;

2.  fraud or material misrepresentation made by **you** or with the knowledge of the **named insured** in obtaining the policy, continuing the policy, or in presenting a claim under the policy;

3.  the driver's license or motor vehicle registration of the **named insured** or any other operator who either resides in the same household or customarily operates an **auto** insured under the policy has been under suspension or revocation during the policy period, or, if the policy is a renewal, during its policy period or the one hundred eighty days immediately preceding its effective date;

4.  non-receipt by **us** of **your** application after **we** have issued a binder; or

Cancellation issued for reasons 2, 3 or 4 stated above will be sent certified mail.

If the policy is canceled, coverage will not be provided as of the effective date and time shown in the notice of cancellation.

Upon cancellation, **you** may be entitled to a premium refund. **Our** making or offering of a refund is not a condition of cancellation.

If **we** cancel this policy, any refund due will be computed on a daily pro-rata basis. If **you** cancel this policy because **we**, or any of **our** agents, incorrectly stated the premium, any refund due will be computed on a daily pro-rata basis based on the initial stated premium. If cancellation is at **your** request, other than for a misquote of the premium by **us** or any of **our** agents, any refund due will be computed on a daily pro-rata basis and shall

be reduced by any fully earned fees. Earned premium is calculated on a daily basis. If there is any unearned premium due to **you**, **we** will make such refund within thirty (30) days after the date of cancellation.

If **we** offer to renew or continue and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer.

Coverage for a **covered auto** shall terminate automatically when a person other than **you** becomes the **owner** of the **auto** or on the effective date of any other motor vehicle insurance policy covering that **auto.**

Comprehensive Coverage and Collision Coverage in excess of $500 for **loss** to a **trailer** shown on the **Declarations Page** shall terminate automatically when **you** or a **family member** cease to be the **owner** of the **trailer.**

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons and all **vehicles.**

## NONRENEWAL

If **we** decide not to renew or continue this policy, other than for non-payment of premium, **we** will mail notice of nonrenewal to the **named insured** shown on the **Declarations Page** at the last known address appearing in **our** records. Notice will be mailed at least twenty (20) days before the end of the policy period.

## PROOF OF NOTICE OF MAILING

Proof of mailing of any notice will be sufficient proof of notice.

## AUTOMATIC TERMINATION

If **we** or an affiliate offers to renew or continue this policy, and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If **you** obtain other insurance on a **covered auto**, any similar insurance provided by this policy will terminate as to that **covered auto** on the effective date of the other insurance. This automatic termination is effective even if **you** do not give **us** notice of this other insurance or ask **us** to delete the **covered auto** from this policy.

If a **covered auto** is sold or transferred to someone other than **you** or a **family member**, any insurance provided by this policy will terminate as to that **covered auto** on the effective date of the sale or transfer. This automatic termination is effective even if **you** do not give **us** notice of the sale or transfer or ask **us** to delete the **covered auto** from this policy.

If the policy is cancelled under this provision, a cancellation notice will be mailed to **you.**

## LEGAL ACTION AGAINST US

**You** and any other person claiming insurance coverage under this policy are required to immediately notify **us** of the filing or service of any lawsuit to which the coverages of this policy may apply and to comply with Part E - Duties After An Accident or Loss. **We** have no liability in excess of the applicable Limits of Liability in relation to any direct action against **us** to recover payment pursuant to an agreed settlement. **We** may not be sued for recovery under an agreed settlement entered into without **our** consent.

Any lawsuit against **us** by **you** or any person claiming insurance coverage under this policy must be brought within the minimum time limit authorized by Louisiana law for the bringing of such an action. Any legal action against **us** for claims under Part D – Coverage for Damage to Your Covered Auto must be brought within one year of the date of the **accident** or **loss**.

If **we** retain salvage, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHTS TO RECOVER PAYMENT

In the event of any payment under this policy, **we** are entitled to all the rights of recovery that the person claiming insurance coverage under this policy, and to whom payment was made, has against any other person, after the person claiming insurance coverage under this policy has been fully compensated for his or her **loss**. The person claiming insurance coverage under this policy must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after an **accident** or **loss** to prejudice **our** rights.

However, **we** may not assert rights of recovery against any person who was using a **covered auto** with **your** express or implied permission for any payment made under Part D – Coverage For Damage To Your Covered Auto, unless that payment resulted from fraudulent conduct of **you** or that person.

If **we** make any payment under this policy and the person to or for whom payment is made has a right to recover damages from another, **we** shall be subrogated to that right. However, **our** right to recover is subordinate to the insured's right to be fully compensated.

If recovery is made by an insured person under this policy from a responsible party without **our** written consent, the insured person's right to payment under any affected coverage will no longer exist.

If recovery is made by an insured person under this policy from a responsible party **we** must be made a party to the suit or settlement in order to make a claim under Part B – Medical Payments Coverage or Part D – Coverage for Damage to Your Covered Auto.

## BANKRUPTCY

The bankruptcy or insolvency of a person claiming insurance coverage under this policy will not relieve **us** of any obligations under this policy. If execution of a judgment against a person claiming insurance coverage under this policy for an **accident** or injury occurring while this policy is in effect is unsatisfied because of the insolvency or bankruptcy of the person claiming insurance coverage under this policy, a person claiming damages under Part A – Liability Coverage may maintain an action against **us** for the amount of the judgment not exceeding **our** limits of liability under Part A – Liability Coverage.

## JOINT AND INDIVIDUAL INTERESTS

If there is more than one **named insured** on this policy, any **named insured** may cancel or change this policy. The action of one **named insured** shall be binding on all persons provided coverage under this policy.

## SETTLEMENT OF CLAIMS

**We** may use estimating, appraisal, or injury evaluation systems or tools to determine any amounts to be paid under this Policy. These systems or tools may be developed by **us** or by third parties and may include computer software, databases and special technology.

## TWO OR MORE AUTO POLICIES

If this Policy and any other **auto** policy issued to **you** by **us** apply to the same **accident** or **loss**, the total limit of **our** liability under all the policies shall not exceed the highest applicable limit of liability under any one policy. However, no one will be entitled to receive duplicate payments for the same elements of damage.

## ELECTRONIC SIGNATURE

A.  **You** and **we** agree that electronic signatures may be used and will satisfy any regulatory or other requirement for written signatures. When a law requires:

    1.  A signature on any form or document; or

    2.  A letter or document to be notarized, verified, acknowledged or made under oath;

    the electronic signatures will satisfy this requirement if the signature of the person authorized to perform the service of notarizing, verification, or acknowledgment is attached or logically associated with the signature or electronic signatures of record.

B.  **You** and **we** agree that electronic signatures shall include, but are not limited to, any assent; acceptance; agreement; election; selection; and rejection sent via e-mail; internet; text message; or fax; or done as a recorded telephonic signature or assent, when done with the intent of the person to be bound, as if signed in writing.

## CHOICE OF LAW

By accepting this policy **you** agree that the dispute shall be governed by the laws of the State in which **your** policy was issued without regard to conflict of law provisions.

## MEXICO - COVERAGE EXCLUSION WARNING

Please be advised that despite the fact that you can purchase limited physical damage coverage from **us** for accidents occurring in Mexico, **accidents** in Mexico are subject to the laws of Mexico, not the laws of the United States. Under Mexican law, auto **accidents** are considered a criminal offense as well as a civil matter.

This policy does NOT provide liability coverage for any claim arising from an **accident** or **loss** involving **a covered auto** or a non-owned **auto** while in Mexico. However, **we** will pay for **loss** to **a covered auto** caused by **collision** or **other than collision** which occurs in Mexico provided the Declarations indicate Personal Auto Mexico Coverage applies to the **auto** involved in the **loss**. To avoid complications, **you** should purchase insurance from a licensed Mexican insurance company.

# NAMED DRIVER EXCLUSION

If **you** have asked **us** to exclude any person from coverage under this policy, it is agreed that the insurance afforded by this policy shall not apply with respect to any claim or **loss** which occurs due to the ownership, operation, maintenance or use of any **auto(s)**, either with or without the express or implied permission of the **named insured**, while being operated by the excluded person. **You** further agree that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for any negligence or liability, vicarious or otherwise, which may be imputed by law to **you** or any other person, arising out of the maintenance, operation or use of any motor vehicle by the excluded person. Nothing contained in this provision shall vary, waive, alter or extend any other terms or conditions of the policy. This provision shall supersede any policy provisions to the contrary and shall take effect simultaneously with such policy.

# NAMED NON-OWNER COVERAGE

If **you** elect Named Non-Owner Coverage, **you** agree with **us** that this policy is amended as follows:

## GENERAL DEFINITIONS

1.  The general policy definition of **"you"** and **"your"** is deleted and replaced by the following:

    **"You"** and **"your"** mean the person shown as the **named insured** on the **Declarations Page**.

2.  The general policy definitions of **"covered auto"** and **"non-owned auto'** are deleted and replaced by the following:

**"covered auto"** and **"non-owned auto"** mean any **auto** that is not **owned** by **you**, nor furnished or available for **your** regular use.

## PART A – LIABILITY COVERAGE

1.  When used in Part A, the definition of **"insured person"** and **"insured persons"** is deleted and replaced by the following:

    **"Insured person"** and **"insured persons"** meaning:

    **you**, when operating or using a **non-owned auto** with the express or implied permission of the **owner**.

2.  The following exclusion is deleted from Part A:

    Coverage under this Part A does not apply to:

    **bodily injury** or **property damage** arising out of an **accident** involving an **auto** while being used by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles. This exclusion only applies to the extent the damages exceed the minimum limits of liability required by the financial responsibility laws for the State of Louisiana. This exclusion does not apply to **you**, a **family member**, or an agent or employee of **you** or a **family member**, when using a **covered auto**;

    and is replaced by the following:

    Coverage under this Part A does not apply to:

    **bodily injury** or **property damage** arising out of an **accident** involving an **auto** while being used by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles. This exclusion only applies to the extent the damages exceed the minimum limits of liability required by the financial responsibility laws for the State of Louisiana.

3.  The Other Insurance provision under Part A is deleted and replaced by the following:

## OTHER INSURANCE

Any insurance **we** provide shall be excess over any other applicable liability insurance, self-insurance, or bond except an **auto** operated by **you** which is loaned to **you** by a duly licensed automobile dealer for use as a demonstrator vehicle.

## PART B – MEDICAL PAYMENTS COVERAGE

1.  When used in Part B, the definition of **"insured person"** and **"insured persons"** is deleted and replaced by the following:

    **"Insured person"** and **"insured persons"** mean **you**:

a. while **occupying** any **auto**, other than an **auto owned** by **you**;

b. when struck by an **auto** or **trailer** while not **occupying** an **auto**.

2. The following exclusion is deleted from Part B:

Coverage under this Part B does not apply to **bodily injury**:

arising out of an **accident** involving an **auto** while being used by a person while employed or engaged in the business of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles. However, this exclusion does not apply to **you**, a **family member**, or an agent or employee of **you** or a **family member**, when using a **covered auto**;

and replaced by the following:

Coverage under this Part B does not apply to **bodily injury**:

arising out of an **accident** involving an **auto** while being used by a person while employed or engaged in the **business** of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles.

## PART C – UNINSURED/UNDERINSURED MOTORIST COVERAGE

If **you** pay a premium for Uninsured/Underinsured Motorist Coverage, and it is shown on the **Declarations Page**:

1. When used in Part C, the Additional Definition of "**insured person**" and "**insured persons**" is deleted and replaced by the following:

"**Insured person**" and "**insured persons**" mean:

a. **you**; and

b. any person who is entitled to recover damages covered by Part C, because of **bodily injury** to **you**.

2. Uninsured Motorist Property Damage Coverage is deleted.

3. The Other Insurance provision under Part C is deleted and replaced by the following:

### OTHER INSURANCE

If there is other applicable Uninsured/Underinsured Motorist Coverage, any insurance **we** provide shall be excess over any other collectible Uninsured/Underinsured Motorist Coverage.

**We** will not pay for any damages which would duplicate any payment made for damages under other insurance.

If **you** are injured while not **occupying** a motor vehicle, the coverage provided under this policy shall be excess to any Uninsured/Underinsured Motorist Coverage provided by a policy under which **you** are a **named insured**.

## PHYSICAL DAMAGE COVERAGE FOR COVERED TRAILER

If **you** pay a premium for Comprehensive Coverage or Collision Coverage for a **trailer** listed on **your** policy, **your** policy is amended as follows:

1. In determining whether coverage applies to a **trailer** under PART D, artisan use of a **trailer** will not be considered a commercial or **business** purpose if **you** have paid the additional premium for artisan use of that **trailer**.

2. If **you** have purchased coverage for a **trailer**, but have not purchased that same coverage for a **covered auto**, no coverage will be provided under PART D for **loss** to any **trailer** that is not shown on the **Declarations Page** or any **auto**.

3. The following exclusions are added:

Coverage under PART D does not apply for **loss** to a **trailer**:

a. other than impact **loss**, caused by birds, vermin, rodents, insects or other animals;

b. that is due and confined to:

i. wear and tear;

ii. prior **loss** or damage;

iii. manufacturing defects;

iv. improper or lack of routine maintenance, or failure to perform maintenance as prescribed by the manufacturer;

v. damages or expenses resulting from material or substances containing contaminants;

vi. freezing;

vii. gradual accumulation of snow or ice on a **trailer**;

viii. scorching, marring, scratching, or breakage of internal equipment or furnishings whether permanently attached or not. However, this exclusion does not apply to:

(1) scorching, marring, scratching, or breakage caused by malicious mischief, vandalism, riot, civil commotion, fire, or lightning; or

(2) breakage of glass which is permanently a part of or attached to the **trailer**;

ix. mechanical or electrical breakdown or failure; or

x. road damage to tires.

This exclusion does not apply if the damage results from the theft of a **trailer**; or

c.  caused directly or indirectly by any of the following:

    i.   water leakage or seepage to which this coverage applies;

    ii.  rust or corrosion;

    iii. wet or dry rot;

    iv.  dampness of atmosphere or extremes of temperature; or

    v.   deterioration;

regardless of any other cause or event contributing concurrently or in any sequence to the **loss**.

The exclusions listed above shall apply only to the amount of **loss** that exceeds $500 if:

a.  the coverage **you** have purchased for **loss** to the **trailer** has also been purchased for **loss** to a **covered auto**; and

b.  the **loss** excluded above for a **trailer** is a **loss** that would be otherwise covered under **your** policy.

4.  The following provisions are added to the limits of liability section of PART D:

No deductible will apply to the first $500 of **loss** to a **trailer** shown on the **Declarations Page** if the coverage **you** have purchased for **loss** to the **trailer** has also been purchased for **loss** to a **covered auto**. Regardless of any other provisions in the policy, if a **loss** occurs causing damage to both a **trailer** shown on the **Declarations Page** and a:

a.  **covered auto**; or

b.  **non-owned auto**;

any applicable deductibles, as shown on the **Declarations Page** or provided for in the policy, shall each apply separately to the **trailer** and **auto**.

The actual cash value is determined by the market value, age and condition of the **trailer** at the time the **loss** occurs.

If more than one **trailer** is shown on **your** **Declarations Page**, coverage will be provided as shown on the **Declarations Page** as to each **trailer**.

5.  The Loss Payee Agreement under Part D applies for **loss** to a **trailer**.

6.  The following is deleted from the Cancellation provision under the General Provisions:

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons and all **vehicles**, and is replaced by:

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons, all **autos**, and all **trailers**.

7.  All Duties and General Provisions stated in the policy that apply to an **auto** or **covered auto** also apply to a **trailer** shown on the **Declarations Page**.

**All other terms, limits and provisions of this policy remain unchanged.**

In witness whereof, we, as officers of the Company, have caused this Personal Automobile Policy to be executed and attested. If required by state law, this Policy shall not be valid unless countersigned by **our** authorized representative.

Peter Rendall
President

Rhonda Ferguson
Secretary