# EXHIBIT C

EAST BATON ROUGE PARISH  C-741245
Filed Nov 30, 2023 2:33 PM    32
Deputy Clerk of Court

ALEXANDER GIPSON JR.

VERSUS

NATIONAL GENERAL INSURANCE
COMPANY AND KISHA PAUL

SUIT NO. _____ SEC._____

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## PETITION FOR DAMAGES

The petition of plaintiff Alexander Gipson Jr., who, though he is currently receiving treatment in Texas, is a major domiciled in and a citizen of the State of Louisiana, who respectfully represents that:

1.

Made defendants herein are the following:

a)    **NATIONAL GENERAL INSURANCE COMPANY** ("**NATIONAL GENRAL**"), a foreign insurance company licensed to do and doing business in the State of Louisiana, which may be served through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809; and

b)    **KISHA PAUL**, a major who is a Louisiana citizen domiciled in the city of Baton Rouge, Parish of East Baton Rouge, State of Louisiana, and who may be served at 6454 Airline Highway, Apartment 7206, Baton Rouge, Louisiana 70805.

2.

Venue is proper in East Baton Rouge Parish, Louisiana, as to the defendants under the provisions of La. Code Civ. Proc. Art. 42 *et seq.*, including but not limited to La. Code Civ. Proc. Arts. 42, 73, 74, and 76.

3.

The defendants are liable individually, jointly, and solidarily unto the plaintiff for the following, to-wit:

4.

According to the crash report prepared by the Baton Rouge Police Department, on or about July 23, 2023, Alexander Gipson Jr. was traveling on his 2008 Suzuki motorcycle headed southbound in the far right turning lane on Airline Highway approaching Evangeline Street in Baton Rouge, Louisiana.

1

5.

According to that Baton Rouge Police Department crash report, at the same time that Alexander Gipson Jr. was traveling in the far right turning lane of Airline Highway, defendant Kisha Paul was operating her 2010 Honda Accord in the far left southbound lane of Airline Highway.

6.

The Baton Rouge Police Department crash report indicates that, suddenly and without warning, Kisha Paul improperly crossed multiple lanes of traffic from the far left lane of Airline Highway into the far right turning lane of Airline Highway where Alexander Gipson Jr. was travelling and collided with him.

7.

An independent witness who saw the collision tells a different, correct version of the events, which she provided to National General early in its claims handling process.

8.

According to the independent witness, Kisha Paul was in fact travelling northbound on Airline Highway at the same time that Alexander Gipson Jr. was stopped at the red light in the right lane headed southbound on Airline Highway at its intersection with Evangeline Street.

9.

According to that same witness, who was behind Alexander Gipson Jr. at the traffic light, when the traffic light at the intersection of Airline Highway and Evangeline Street turned green for Alexnader Gipson Jr., he proceeded to travel southbound on Airline Highway through the intersection. As Alexander Gipson, Jr. proceeded through the intersection with a green light, Kisha Paul made a left turn from the northbound lanes of Airline Highway onto Evangeline Street, turning across the southbound lanes of traffic on Airline Highway and colliding with Alexander Gipson Jr.

10.

Regardless of which of these two versions of the events resulting in the collision actually occurred, Kisha Paul acted negligently and in violation of the law in causing the collision. If the collision had occurred the way that is reflected on the crash report, Kisha Paul would be liable for failure to yield the right of way to Alexander Gipson, Jr., who was already in the lane where the collision occurred, all of which were in violation of the law by Kisha Paul, establishing a

2

prima facia case of negligence and giving rise to a presumption of fault.

11.

In the correct version of events which the independent witness relayed to National General early in its claims handling process, Kisha Paul is liable for making an improper left turn and failing to yield the right of way to any vehicles, including Alexander Gipson Jr.'s motorcycle, which were traveling southbound on Airline Highway through the green light at the intersection with Evangeline Street, all of which were in violation of the law by Kisha Paul, establishing a prima facia case of negligence and giving rise to a presumption of fault.

12.

As a result of the collision between the motor vehicle operated by Kisha Paul and Alexander Gipson Jr.'s motorcycle, Alexander Gipson Jr. suffered serious and significant personal injuries, including multiple fractures, head injuries, a stroke, and coma, for which he continues to receive medical treatment.

13.

The collision and Alexander Gipson Jr.'s resulting injuries were caused by the fault of Kisha Paul in the following non-exclusive particulars:

a)    Failing to yield the right of way to Alexander Gipson Jr's motorcycle, which was already occupying the lane of traffic into which Kisha Paul's motor vehicle entered;

b)    Failing to obey traffic signs, notices, and signals regarding the proper flow of traffic;

c)    Failing to maintain a proper lookout;

d)    Operating the motor vehicle while inattentive and/or distracted;

e)    Driving in a manner that is not safe, including improperly crossing multiple lanes of travel and entering into a lane of travel already occupied by Alexander Gipson, Jr.;

f)    Failing to take proper evasive procedures to avoid a collision;

g)    Violating various statues enacted to protect the motoring public and passengers, including Alexander Gipson Jr., from the type of incident that occurred; and

h)    Other acts of negligence to be proven at the trial of this case.

14.

As a direct result of Kisha Paul's negligence, fault, and breach of duties owed, Alexander Gipson Jr. has suffered and continues to suffer past and future physical injuries and pain and suffering as a result of injuries to his body, including, to the extent that he had any pre-existing

3

conditions that predated this collision, an aggravation of and new injuries to those conditions; past and future medical expenses; past and future mental pain and suffering, emotional anguish, and loss of enjoyment of life; past and future economic loss, including past and future medical bills, past and future loss of wages, income, earnings, and/or earnings capacity; and past and future inability to provide services for himself that he would have otherwise provided, all of which warrant an award in his favor for damages in an amount reasonable under the circumstances.

15.

At all times pertinent hereto, specifically on the date of the collision, National General had in full force and effect a policy of automobile liability insurance providing coverage and protection for the claims asserted herein by Alexander Gipson Jr., who, pursuant to R.S. 22:1269, has a direct cause of action against this insurer, which is liable *in solido* with its insured Kisha Paul for all damages sustained by Alexander Gipson Jr.

16.

Despite the fact that National General had in effect a policy which provided coverage to its insured Kisha Paul on the date of the collision, and despite owing a duty of good faith and fair dealing to its insured Kisha Paul, including a duty to make reasonable efforts to settle claims against her, National General refused to offer any amounts at all to settle Alexander Gipson Jr.'s claims for personal injuries caused by the collision despite overwhelming proof of loss.

17.

Prior to filing this suit, Alexander Gipson Jr. provided National General with proof of the significant value of the damages he suffered as a result of the collision. Specifically, Alexander Gipson Jr. provided medical records and photographs to National General on August 21, 2023, showing that as a result of the collision caused by its insured, he had suffered a left humeral shaft fracture, traumatic fractures of the left occipital condyle and anterior cortex of the foramen magnum, and multiple acute left-sided rib fractures. Despite having sufficient proof of the significant damages sustained in the collision by Alexander Gipson Jr. through its receipt of these medical records and other documents, National General failed to make any offer of settlement to Alexander Gipson Jr.

18.

After National General had received those medical records and photographs, Alexander

4

Gipson Jr. contacted National General to inquire about the status of his claim and to advise that his medical bills now exceeded $800,000.00. Despite having previously received medical records and photographs that established the significant pain and suffering and other injuries he had sustained, National General refused to make any offer to settle his claim against it and its insured(s), and instead required that Alexander Gipson Jr. further provide itemized medical bills before it would make any offer.

19.

On or about Friday, October 20, 2023, after having received no offer of settlement from National General for nearly three months following the collision despite its prior receipt of medical records and photographs which provided evidence of his significant injuries, Alexander Gipson Jr. provided medical bills along with a demand that National General settle the claims against it and its insured(s) by payment to him of its policy limits by Friday, October 27, 2023. In that same correspondence, National General was advised that if it failed to pay its policy limits to him within the time allowed by that demand, he would file suit.

20.

Despite that specific demand which set a date certain of October 27, 2023, by which National General was required to pay its policy limits to Alexander Gipson Jr., National General failed to pay its policy limits to him on or before October 27, 2023.

21.

Because National General failed to make any offers to Alexander Gipson Jr. to settle despite having sufficient proof of the significant losses he sustained, and because National General failed to timely comply with the demand made by Alexander Gipson Jr. that its policy limits be paid by October 27, 2023, he was required to bring this lawsuit against National General's insured, Kisha Paul, and against National General, both of whom are liable *in solido* to Alexander Gipson Jr. for all damages to which he is entitled for the injuries he sustained in the collision.

22.

Having failed to take any affirmative steps to resolve the claims against its insured(s), and having further failed to comply with the terms and conditions of the specific settlement demand made by Alexander Gipson Jr., National General thereafter issued and mailed a check for its policy limits to Alexander Gipson Jr. after the October 27, 2023 deadline had passed. At

5

that point, Alexander Gipson Jr. refused to accept it in settlement, as the delay for National General to have properly accepted the settlement offer by paying its policy limits had already passed and expired.

23.

Alexander Gipson Jr. hereby claims all such sums as will fully and fairly compensate him for the above listed damages and in such amount as may be ascertained by the finder of fact at trial. Alexander Gipson Jr.'s alleges, as required by law, that his damages exceed the minimum amount necessary to justify trial by jury, exclusive of interest and costs.

WHEREFORE, plaintiff Alexander Gipson, Jr. prays that after expiration of all legal delays and due proceedings are had, there be a judgment rendered in his favor and against the defendants, National General Insurance Company and Kisha Paul, jointly, severally, and solidarily, for all damages reasonable under the premises with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, expert witness fees, and any other damages, penalties, or sanctions reasonable under the premises.

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors at Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
Email: PleadingService@simien.com
(225) 932-9221; (225) 932-9286 (fax)

By:    Eulis Simien, Jr. Bar # 12077
       Jimmy Simien, Bar # 1598
       Roy Bergeron, Jr. Bar # 33726

PLEASE SERVE:

NATIONAL GENERAL INSURANCE
COMAPANY
through its agent of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

KISHA PAUL
6454 Airline Highway
Apartment 7206
Baton Rouge, Louisiana 70805

6