# EXHIBIT H

ALEXANDER GIPSON JR.

VERSUS

NATIONAL GENERAL INSURANCE COMPANY AND KISHA PAUL

SUIT NO.  741245    SEC. 32

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ASSIGNMENT, TRANSFER, SALE, AND/OR OTHER CONVEYANCE OF INTERESTS, RIGHTS, CAUSES OF ACTION AND CLAIMS

This *Assignment, Transfer, Sale, and/or Other Conveyance of Interests, Rights, Causes of Action and Claims* (the "Assignment") is entered into between Alexander Gipson Jr. (hereinafter sometimes referred to as "Assignee") and Kisha Paul (collectively, the "parties"), and shall be effective upon the date executed by Kisha Paul:

1.

Kisha Paul warrants that she has the right to enter into this Assignment and that she has not conveyed, assigned, encumbered or otherwise transferred or purported to transfer any of the interests, rights, causes of action, and claims that are the subject of this Assignment to any other persons or entities.

2.

In the event that any person acquires the interests, rights, causes of action, and claims that were the subject of this Assignment through a subsequent assignment, transfer, sale, conveyance, testament, other agreement, or by operation of law, that person shall acquire all of the same benefits, interests, rights, causes of action, and claims as were assigned to and held by Alexander Gipson Jr. under the terms and conditions of this Assignment. Unless otherwise indicated by the circumstances, all references in this Assignment to "Alexander Gipson Jr." or "Assignee" shall also include and apply to any such assignees, beneficiaries, heirs, or persons who by any

conveyance or agreement or by operation of law subsequently acquire the interests, rights, causes of action, and claims that are the subject of this Assignment.

3.

The parties herein acknowledge that following a trial on the merits in the above-captioned case, *Alexander Gipson Jr. v. National General Insurance Company and Kisha Paul*, No. 741,245, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, there was a judgment entered in favor of Alexander Gipson Jr. against National General Insurance Company and Integon Indemnity Corporation (collectively, "National General") and Kisha Paul in the amount of FIFTEEN THOUSAND DOLLARS ($15,000.00), plus legal interest from the date of judicial demand and costs, as well as against Kisha Paul individually in the amount of TWELVE MILLION THREE HUNDRED FORTY TWO THOUSAND FOUR HUNDRED FORTY-SIX DOLLARS AND SIXTEEN CENTS ($12,342,446.16), plus legal interest from the date of judicial demand until paid.

4.

The judgment further provided that Kisha Paul would receive a credit against the amount owed by her to Alexander Gipson Jr. under the judgment for any amounts paid by National General to Alexander Gipson Jr.

5.

This judgment arose out of a July 23, 2023 collision between the motor vehicle operated by Kisha Paul and the motorcycle operated by Alexander Gipson Jr., which occurred at the intersection of Evangeline Street and Airline Highway in Baton Rouge, Louisiana.

6.

Prior to the rendition of this judgment, Alexander Gipson Jr. provided National General with opportunities to obtain a release of itself and its insured, Kisha Paul, by paying its policy limits of FIFTEEN THOUSAND DOLLARS ($15,000.00). National General refused or failed to accept these opportunities and instead, despite its knowledge of the facts which showed Kisha Paul would bear at least some percentage of fault for the collision that caused Alexander Gipson Jr. to sustain serious and permanent injuries and losses and that therefore a significant excess judgment would be entered against Kisha Paul, National General refused or failed to settle Alexander Gipson Jr.'s claims or even to take affirmative steps to settle his claims prior to suit being filed.

7.

At all times Kisha Paul relied upon National General to resolve this matter and desired that it do so. Had National General properly advised her of the offers by Alexander Gipson Jr. to resolve the matter for policy limits and the impact of its failure to do so, she would have instructed National General to resolve the claim as requested by Alexander Gipson Jr.

8.

Following the entry of the judgment by the 19th Judicial District Court, National General paid to Alexander Gipson Jr. the amount of its insurance coverage plus legal interest on that amount from the date of judicial demand until paid and court costs. However, the remainder of the judgment, specifically that portion of the judgment entered solely against Kisha Paul individually, plus interest on that amount from the date of judicial demand until paid, has not been paid and remains outstanding.

*Gipson v. National General Insurance Company, et al*
ASSIGNMENT

9.

As consideration for this Assignment, and as authorized by Louisiana law, including but not limited to La. Civ. Code art. 2642 and *Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19); 285 So. 3d 1062, Kisha Paul absolutely and completely assigns, transfers, sells, and, by all other legal means of conveyance, conveys and assigns to Assignee any and all interests, rights, causes of action, and claims that she might have against National General and/or any other entities against which such claims may be made arising out of this collision and the handling of the claims process, including what she contends constituted an unreasonable and arbitrary failure to fulfill the duty of good faith and fair dealing owed by National General, its failure to act reasonably to protect her from the above-referenced excess judgment, its breach of contractual duties, and any other claims by whatever basis arising out of its failure to settle Alexander Gipson Jr.'s claims.

10.

In exchange for this legally binding conveyance and assignment of all interests, rights, causes of action, and claims set forth above, Assignee agrees that he will defer all efforts to enforce or collect under the judgment in the above referenced matter against Kisha Paul to the extent that the judgment exceeds the coverage that she had available under and through the National General policy made the subject of the above-captioned litigation, and the Assignee further agrees not to file the judgment entered against Kisha Paul into the public record. However, Assignee's agreement to defer filing, enforcement, and collection of the judgment under this paragraph shall be null and void if Kisha Paul breaches any of the terms, conditions or warranties of this Assignment, including but not limited to the obligation to provide reasonable cooperation to the

Assignee in pursuing claims against National General.

11.

The Assignee agrees that upon the entry of a final judgment in any litigation brought by Assignee against National General and all other entities against whom such claims are brought pursuant to this Assignment or upon the resolution of all such claims through other means, regardless of whether or not such judgment or resolution is on terms favorable to the Assignee, Assignee will file a satisfaction of judgment in favor of Kisha Paul.

12.

Should any portion of this Assignment be deemed unenforceable, that portion shall be considered as severable, and the rest of the Assignment shall stand and still be enforceable as though the unenforceable portion of the Assignment were not written into it. Further, this Assignment shall be construed to effect the intent of the parties, which under Louisiana law, both statutory and jurisprudential, is to allow Assignee to proceed with, file, enforce, and collect on any interests, rights, causes of action, and claims that Kisha Paul might have against National General, including but not limited to its failure to properly adjust and to reasonably and affirmatively undertake to settle the claims against her arising out of the July 23, 2023 automobile and motorcycle collision described above, with any and all proceeds therefore belonging to Assignee.

13.

In furtherance of this Assignment, and for the purpose of allowing Assignee and his counsel to obtain all existing information, communications, and documents that may be helpful or necessary to pursue the interests, rights, causes of action, and claims that are the subject of this

Assignment, pursuant to La. Code Evid. art. 502, Kisha Paul voluntarily and knowingly waives her attorney-client privilege over, and consents to the disclosure of, any and all communications and other documents of any kind which are requested by Assignee related to the July 23, 2023 automobile collision and the above-captioned lawsuit, the handling of any insurance claims arising from or related to that collision, and any other related matters, including all such communications with National General and/or with the attorneys who represented Kisha Paul in the above-captioned lawsuit.

14.

By executing this Assignment, Kisha Paul further waives any and all claims of privilege or privacy over, and specifically instructs National General to provide to Assignee, a full, complete, and unredacted copy of its insurance claim file, including but not limited to all adjuster claim notes, correspondence, and any and all documents of any kind contained within or related to the claim file, for the July 23, 2023 collision and the litigation arising from that collision.

15.

Kisha Paul further agrees to continue to provide reasonable cooperation to Assignee to fulfill the intent of this Assignment until there is a final judgment or resolution of the interests, rights, causes of action, and claims pursued by the Assignee pursuant to this Assignment. Such reasonable cooperation shall include but not be limited to executing any new or additional documents which may be requested by or on behalf of the Assignee; assisting with litigation against National General, including but not limited to providing statements, information, and documents to Assignee or his counsel upon request; providing deposition and/or trial testimony in

*Gipson v. National General Insurance Company, et al*
ASSIGNMENT

the litigation against National General; and any and all other steps requested by or on behalf of Assignee for the litigation of the matters assigned.

16.

Prior to executing this Assignment, Kisha Paul was advised of the fact that the attorneys representing Alexander Gipson Jr. do not represent her, that they are not her attorneys, and that they would not and could not provide her with any legal or other advice regarding this Assignment. Additionally, prior to signing this Assignment, Kisha Paul understood that she had the right seek independent counsel to obtain legal advice prior to the signing of this Assignment, and she knowingly and voluntarily waived that right.

17.

The parties agree that this Assignment may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same Assignment.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*
*[SIGNATURES ON FOLLOWING PAGE]*

*Gipson v. National General Insurance Company, et al*
**ASSIGNMENT**

Sworn to and subscribed before the undersigned notary and witnesses:

Witnesses:

_____

Name: Johnek Robertson

Nayonah Matthews

Name: _____

_____
KISHA PAUL

SWORN TO AND SUBSCRIBED before me on the 7th day of January, 2026, in the

Parish of East Baton Rouge, State of Louisiana.

_____

Notary Public: _____
Roy L. Bergeron, Jr.
Bar Roll No. 33726
Notary ID No. 92685
Notary/Bar #Notary Public, State of Louisiana
My Commission is for Life.

SIGNED by Alexander Gipson Jr., on the 7th day of ____January____, 2026, in the

County of ___Collin___, State of Texas.

_____
Alexander Gipson Jr (Jan 7, 2026 16:34:26 CST)
ALEXANDER GIPSON JR.

Page **8** of **8**