# COMPOSITE EXHIBIT I

ALEXANDER GIPSON JR.

VERSUS

NATIONAL GENERAL INSURANCE
COMPANY, INTEGON INDEMNITY
CORPORATION, AND KISHA PAUL

SUIT NO. 741245   SEC. 32

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## VERDICT SHEET

As to each of the following questions which should be answered, please provide the responses agreed to by at least nine (9) of you.

1. Do you find that Kisha Paul was anyway at fault for the motor vehicle accident on July 23, 2023 with Alexander Gipson, Jr.?

    YES ___X___          NO _____

    *If you answered "YES" to this question number 1, go to question number 2. If you answered "NO" to this question number 1, please have the jury foreperson sign the verdict form and return it to the bailiff.*

2. Do you find that Alexander Gipson, Jr. was anyway at fault for the motor vehicle accident on July 23, 2023 with Kisha Paul?

    YES ___X___          NO _____

    *If you answered "YES" to this question number 2, go to question number 3. If you answered "NO" to this question number 2, skip question number 3 and instead go straight to question number 4.*

3. By what percentages of fault, if any, did the parties contribute to the losses sustained by the plaintiff? **The total must equal 100%.**

    Kisha Paul                     __70__ %

    Alexander Gipson Jr.      __30__ %

    Total   100%

4. Without consideration of percentages of fault, please state the total amount in dollars that you feel will fully account for the losses sustained by Alexander Gipson, Jr. in each of the following categories you believe were proven and were caused by any fault you have found to have existed in this case:

    A. Past medical expenses                               $ 3,259,291.04

    B. Future medical and life care expenses      $ 11,000,000.00

    C. Past lost earnings or earning capacity       $ 75,417.00

    D. Future lost earnings or earning capacity    $ 1,436,701.00

    E. Past physical pain and suffering                 $ 350,000.00

1

F.  Future physical pain and suffering            $  200,000.00

G.  Past mental pain, anguish, and emotional distress   $ 400,000.00

H.  Future mental pain, anguish, and emotional distress  $ 500,000.00

I.  Past loss of enjoyment of life                $ 125,000.00

J.  Future loss of enjoyment of life              $ 500,000.00

K.  Past disability                                $ 125,000.00

L.  Future disability                              $ 500,000.00

M.  Disfigurement                                  $ 200,000.00

*Please have the jury foreperson sign and date this form below (including printing the foreperson's name) and notify the Bailiff that you have reached a verdict.*

_____
JURY FOREPERSON SIGNATURE

Mia Age
_____
JURY FOREPERSON PRINTED NAME

10/04/25
_____
DATE

2

EAST BATON ROUGE PARISH    C-741245
Filed Oct 30, 2025 8:33 AM    32
Deputy Clerk of Court
E-File Received Oct 29, 2025 9:47 AM

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. C-741245                                    SECTION 32

**ALEXANDER GIPSON JR.**

**VERSUS**

**NATIONAL GENERAL INS. CO., ET AL**

FILED: _____    _____

DEPUTY CLERK

**JUDGMENT**

This matter came on for trial on September 29, 2025 through October 4, 2025, before a properly constituted and selected jury. Present were Eulis Simien, Jr. and Roy Bergeron, Jr., on behalf of plaintiff Alexander Gipson, Jr., P. M. Donovan on behalf of defendant Kisha Paul, and Paul D. Oberle, Jr. on behalf of defendants National General Insurance Company and Integon Indemnity Corporation. After consideration of the law and evidence submitted, the jury returned a verdict in the following respects:

1.    That the injuries suffered by plaintiff Alexander Gipson, Jr. were caused by the concurrent fault of Kisha Paul and Alexander Gipson, Jr., with seventy (70%) percent of the fault attributed to Kisha Paul and thirty (30%) percent attributed to Alexander Gipson, Jr.

2.    That Alexander Gipson, Jr. suffered special damages of $15,771,409.04, and general damages of $2,900,000.00.

WHEREAS the Court finds that, in accordance with La. R.S. 9:2800.27, the amounts recoverable as past medical expenses are subject to a reduction from $3,259,291.04 to $2,262,805.09, and that this reduction is based on the amounts of medical bills paid by any health insurer and by the plaintiff plus any amounts still owed by the plaintiff, plus forty percent of the difference between these amounts and the billed amounts of medical bills; and

WHEREAS, in accordance with La. R.S. 32:866 and by agreement of the parties, the defendants shall receive a credit of $15,000.00 against the amount of the Judgment;

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Alexander Gipson, Jr., and against defendants National General Insurance Company,

Integon Indemnity Corporation and Kisha Paul, *in solido*, only to the amount of $15,000.00, which represents the liability limits of said automobile liability policy issued to Kisha Paul, plus legal interest on said sum from the date of judicial demand until paid;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that that defendants National General Insurance Company and Integon Indemnity Corporation shall be liable for plaintiff's taxable costs and expenses under La. R.S. 13:3666 and 13:4333 in the amount of $44,985.98, and for all court costs;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon the fault allocation reached by the jury against Kisha Paul, coupled with the credit of $15,000.00 per La. R.S. 32:866 and the additional $15,000.00 of liability insurance coverage, there be judgment in favor of plaintiff Alexander Gipson, Jr., and against defendant Kisha Paul, individually, in the amount of $12,342,446.16, plus legal interest on said sum.

Thus done and signed in chambers on the **07** day of **November**, 2025.

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF THE WRITTEN REASONS FOR JUDGMENT / JUDGMENT / ORDER / COMMISSIONER'S RECOMMENDATION WAS MAILED BY ME WITH SUFFICIENT POSTAGE AFFIXED. SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON November 12, 2025

_____
WILLIAM JORDEN, JUDGE, SEC. 32

*Alicia Kirksey*
DEPUTY CLERK OF COURT

## RULE 9.5 CERTIFICATE

I certify that I circulated this proposed judgment to counsel for all parties by electronic mail on October 21, 2025, and that all parties are in agreement with the form of the proposed judgment. I have allowed at least five (5) working days before presentation to the court.

Certified this 29th day of October, 2025.

_____*/s/ Roy Bergeron, Jr.*_____
Roy Bergeron, Jr.