# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ALEXANDER GIPSON, JR.                                    CIVIL ACTION

VERSUS

INTEGON INDEMNITY                                        NO. 26-209-JWD-RLB
CORPORATION, ET AL.

## ORDER

Before the Court is Alexander Gipson, Jr.'s ("Plaintiff") Motion for Protective Order and/or Stay of Discovery Regarding Defendants' Subpoena to Our Lady of the Lake and All Similar Discovery Related to Purported Lack of Capacity ("Motion"). (R. Doc. 41). The Motion is opposed. (R. Doc. 54). Plaintiff filed its Reply Memorandum in Support of Motion for Protective Order and/or Stay of Discovery Regarding Defendants' Subpoena to Our Lady of the Lake and All Similar Discovery Related to Purported Lack of Capacity ("Reply"). (R. Doc. 67). National General Insurance Company ("National General") and Integon Indemnity Corporation ("Integon") (collectively, "Defendants") filed their Sur-Reply Memorandum in Opposition to Plaintiff's Reply Memorandum in Support of Motion for Protective Order and/or Stay of Discovery ("Sur-Reply"). (R. Doc. 78).

## I.     Background

This lawsuit arises from a November 7, 2025 judgment obtained by Plaintiff against National General, Integon, and Kisha Paul in a lawsuit concerning a motor vehicle collision between Plaintiff and Ms. Paul. (R. Doc. 27-5). Plaintiff obtained from Ms. Paul an assignment of rights to the remainder of the judgment in excess of the policy limits paid by National General. (R. Doc. 27-4).

On or about January 28, 2026, Plaintiff initiated this action, pursuant to the assignment of rights, against Defendants. (R. Doc. 1-2). Plaintiff alleges Defendants breached their duties of good faith and fair dealing by failing to make a reasonable effort to settle the claims Mr. Gipson had against Ms. Paul for his personal injuries caused by the collision. (R. Doc. 1-2 at 7). Defendants removed the action on February 27, 2026, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). On April 15, 2026, Defendants filed their respective Answer and Affirmative Defenses to the Complaint, both raising the affirmative defense that Mr. Gipson lacked legal capacity to contract and could not personally approve or execute a settlement. (R. Doc. 23 at 7; R. Doc. 24 at 7).

Plaintiff filed the instant Motion on May 14, 2026, seeking a protective order and/or stay of discovery for all issues regarding Mr. Gipson's purported lack of capacity on the basis that lack of capacity is not a valid defense to an insured's claim for bad faith failure to settle under Louisiana law. (R. Doc. 41-2 at 6). In opposition, Defendant argues that the validity of a defense is not litigated in a discovery motion; instead, the court should consider whether the information sought is relevant to the alleged affirmative defense and proportionate to the needs of the case. (R. Doc. 54 at 2). The Court agrees with Defendant.

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

**B.      Plaintiff Does Not Establish Good Cause for a Protective Order or Stay of Discovery.**

Fed. R. Civ. P. 26(b)(1) specifically contemplates a party's ability to obtain discovery regarding information relevant to any party's "claim or defense," which would include

affirmative defenses raised by a defendant in its Answer. Thus, at its core, discovery into Mr. Gipson's purported lack of capacity is relevant and within the scope of permissible discovery.

This Court has repeatedly held that discovery into the facts supporting an affirmative defense is discoverable. *See Entergy Gulf States Louisiana, L.L.C. v. Louisiana Generating, L.L.C.*, No. CV 14-385-SDD-RLB, 2020 WL 2130991, at *4 (M.D. La. May 5, 2020) (permitting discovery of contracts related to the affirmative defense of confidentiality); *Miller v. Zodiak Transportation Logistics & Sols., LLC*, No. CV 25-180-RLB, 2026 WL 881917, at *16 (M.D. La. Mar. 31, 2026) (permitting discovery of third party contracts related to the affirmative defense of lack of contractual privity); *J.A.H. Enters., Inc. v. BLH Equip., L.L.C.*, No. CV 16-124-SDD-RLB, 2017 WL 2979687, at *5 (M.D. La. July 12, 2017) (permitting discovery of all documents referring to payments defendant made to third parties related to the affirmative defense of offset); *Barnett v. Magellan Health, Inc.*, No. CV 17-133-RLB, 2018 WL 2470727, at *7 (M.D. La. June 1, 2018) (permitting discovery of information regarding employees who performed work on defendant's contract related to the affirmative defense of reduction of overall work force in a wrongful termination lawsuit).

Further, the information sought is proportionate to the needs of the case. Defendants seek Mr. Gipson's medical records from Our Lady of the Lake, the hospital at which Mr. Gipson was treated after the collision with Ms. Paul. Defendants have no means of securing this information other than from Our Lady of the Lake. Additionally, given that Defendants' capacity argument may be dispositive, the issue is of extreme importance to the case. The large amount of damages sought, totaling upwards of $12 million, additionally raises the importance of the party's ability to seek discovery on potentially dispositive issues. Defendants have properly limited the time period for records sought and have limited the scope of information sought after conferring with

Plaintiff's counsel. The requested records, including, but not limited to, formal capacity assessments, patient representative designations, and powers of attorney, are undoubtedly relevant to whether Mr. Gipson had capacity to contract at the relevant times. The likely benefit of obtaining these records outweighs the potential burden or expense of the proposed discovery.

Finally, it is not proper to decide the merits of a raised affirmative defense on a discovery motion.[1] Absent a dispositive court order regarding the validity of this issue, the Court will allow discovery into Mr. Gipson's purported lack of capacity consistent with the Federal Rules of Civil Procedure.

Based on the foregoing,

**IT IS ORDERED** that the Motion for Protective Order and/or Stay of Discovery Regarding Defendants' Subpoena to Our Lady of the Lake and All Similar Discovery Related to Purported Lack of Capacity (R. Doc. 41) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 29, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See e.g.*, *Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC*, No. CV 18-776-BAJ-RLB, 2019 WL 5697176, at *7 (M.D. La. Nov. 4, 2019) (holding that since the determination of whether a contract is clear or ambiguous is a question of law, the court will not make the determination in the context of a discovery dispute).